[No. A026148. First Dist., Div. One. June 20, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
CONSER LEE SHAW, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The parts certified for publication follow.

## COUNSEL

Eric L. Henrikson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Ann K. Jensen and Mary A. Roth, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RACANELLI, P. J.**—Defendant Conser Lee Shaw appeals from the judgment entered against him after a jury found him guilty of robbery (Pen. Code, § 211), robbery in an inhabited residence (Pen. Code, § 213.5) and first degree burglary (Pen. Code, §§ 459, 460, subd. 1). Four prior serious felony conviction enhancements were found to be true (Pen. Code, §§ 667, subd. (a), 1192.7, subd. (c)), and he was sentenced to a total of 24 years in state prison.[1]

---

[1]Defendant was sentenced to the midterm of four years on the burglary conviction, enhanced by four consecutive five-year terms on the prior convictions. (Pen. Code, § 667, subd. (a).) Sentence on the two robbery counts was stayed. (Pen. Code, § 654.)

FACTS*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

DISCUSSION

I

█ Defendant first contends the denial of his Penal Code section 995 motion to strike the serious felony enhancements was prejudicial error. He argues that under *People* v. *Superior Court (Mendella)* (1983) 33 Cal.3d 754 [191 Cal.Rptr. 1, 661 P.2d 1081], the enhancements should have been dismissed because no evidence to support them was adduced at the preliminary hearing. Defendant further reasons that such failure to dismiss was prejudicial because the enhancements and other charges against him had been previously dismissed under Penal Code section 859b, and section 1387 would have barred another refiling.

The People respond that defendant should have challenged the denial of his section 995 motion by a timely writ petition; and that because the prior convictions were adequately proved at trial, no prejudice can be shown, and defendant is precluded under *People* v. *Alcala* (1984) 36 Cal.3d 604 [205 Cal.Rptr. 775, 685 P.2d 1126] and *People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519 [165 Cal.Rptr. 851, 612 P.2d 941], from raising the issue on appeal. We agree.

█ "Illegalities in pretrial commitment proceedings, other than those which are 'jurisdictional in the fundamental sense,' are not reversible error per se on an appeal from the subsequent trial. Rather, 'defendant [must] show that he was deprived of a fair trial or otherwise suffered prejudice as a result of the error at the preliminary examination.' (*People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519, 529 [165 Cal.Rptr. 851, 612 P.2d 941].)

".   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"An evidentiary deficiency at the preliminary hearing does not meet that standard. The statutes have long provided that lack of probable cause at the preliminary hearing is waived *for all purposes* if not timely pursued prior to trial. (§§ 995, 996, 999a; [*People* v.] *Elliot* [(1960) 54 Cal.2d 498,] 505.) It follows that a failure of probable cause is not an unwaivable 'jurisdictional' defect in the commitment which warrants reversal, or a quashing of the

---

*See footnote, *ante,* page 682.

information, even though defendant's trial was fair." (*People* v. *Alcala, supra,* 36 Cal.3d 604, 628, fn. omitted.)

■■■■ Defendant's reliance on *Mendella,* to include enhancements for prior convictions for purposes of the double dismissal rule, is misplaced. Although the Supreme Court determined that a section 995 motion is a "proper vehicle to test the sufficiency of evidence to support an enhancement allegation" (*People* v. *Superior Court (Mendella), supra,* 33 Cal.3d at p. 757), the specific enhancement at issue (intentional infliction of great bodily injury) and other enhancements discussed in *Mendella* (arming allegations, aggravated theft and special circumstances) are in nature directly or transactionally related to the charged offense. (*Id.,* at pp. 760, 761.) In contrast, enhancements under the habitual criminal statute are based upon prior serious felony convictions unrelated to the crime charged.

As the court recognized, in response to the People's concern that priors would be required to be charged and proved at the preliminary hearing, "[a] specific statutory provision, however, permits amendment of the information and rearraignment of the defendant '*Whenever* it shall be discovered that a pending indictment or information does not charge all prior felonies of which the defendant has been convicted . . . .' (Pen. Code, § 969a; italics added.) Nothing in this opinion is intended to question this statutorily authorized procedure." (*People* v. *Superior Court (Mendella), supra,* 33 Cal.3d at p. 764, fn. 9.)

That crucial distinction was noted in *Ervin* v. *Superior Court* (1981) 119 Cal.App.3d 78 [173 Cal.Rptr. 208] (cited with approval in *Mendella*), where another division of this court reached a similar conclusion regarding prior convictions in the following manner: "We wish to make clear that our ruling has no application to allegations of prior felony convictions. The statutes covering prior convictions provide that at any time while an information or indictment is pending priors may be added 'upon order of the court' (Pen. Code, § 969a), and that a prior may be added even after the magistrate has taken a guilty plea pursuant to Penal Code section 859a (Pen. Code, § 9694). The clear implication of these sections is that the defendant can be tried on a prior without evidence of same having been presented at the preliminary hearing or before the grand jury. No similar statutes permit late charging or enhancements, which under our ruling must be supported by evidence presented at the preliminary hearing." (*Id.,* at pp. 86-87, fn. 2.)

Furthermore, the *Mendella* court emphasized that the preliminary hearing and the section 995 motion operate as judicial checks on the potential abuse of prosecutorial discretion in its charging and prosecution roles. Since prior

felony convictions are typically proved at trial by the introduction of certified copies of official court or prison records (see Pen. Code, § 969b), it is highly unlikely that such abuse would occur with these enhancements.

We conclude that *Mendella* does not mandate proof of a prior felony conviction at the preliminary hearing as a precondition to its later charge and proof at trial.

II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is reversed as to the robbery conviction only; in all other respects, the judgment and sentence imposed are affirmed.

Newsom, J., and Holmdahl, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 24, 1986.

---

*See footnote, *ante,* page 682.