[No. D021612. Fourth Dist., Div. One. July 13, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
ALJEROME McCAIN, Defendant and Appellant.

818

**COUNSEL**

Stefanie A. Sada, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster and David Delgado-Rucci, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HUFFMAN, J.**—Aljerome McCain pled guilty to possessing cocaine base in violation of Health and Safety Code section 11350, subdivision (a) and admitted a serious felony prior pursuant to Penal Code[1] section 667, subdivisions (d) and (e). He was sentenced to a total term of 32 months, consisting of the lower term for the crime of possessing cocaine base, which was doubled because of his qualification as a "second strike" offender.

McCain appeals, contending the provisions of the statute limiting his ability to accrue prison credits violate his right to equal protection of the law.

### DISCUSSION[2]

McCain was sentenced to prison under the provisions of section 667, subdivision (b) et seq., the statute commonly referred to as the "three strikes" law. Section 667, subdivision (c)(5) of that statute places limitations on the ability of persons who qualify as second or third strike offenders to earn credits against their prison sentence. Specifically, a person committed under the statute can earn no more than 20 percent of the available credits under section 2930 et seq. and thus must serve 80 percent of his or her prison sentence.

McCain argues recidivist felons such as himself who have been convicted of a current nonserious, nonviolent felony are treated more harshly than certain murderers and persons without qualifying priors.

In order to prevail in his equal protection argument, McCain must first show the state has adopted a classification that affects similarly situated groups in an unequal manner. (*In re Eric J.* (1979) 25 Cal.3d 522, 530 [159 Cal.Rptr. 317, 601 P.2d 549].) Persons who are similarly situated must be treated alike. (*People* v. *Sanchez* (1987) 190 Cal.App.3d 224, 229 [235 Cal.Rptr. 264].) There is, however, no requirement that persons in different circumstances must be treated as if their situations were similar. (*Ibid.*)

---

[1]All statutory references are to the Penal Code unless otherwise specified.

[2]We omit the traditional statement of facts as this appeal follows a guilty plea and deals only with a narrow legal issue.

■ In part, McCain's equal protection argument is based on the fact that persons who commit current serious or violent felonies, but who do not have qualifying priors under the three strikes law, can earn more credits than those who have such qualifying priors. While the underlying observation is true, his argument is not advanced as the persons in the differing circumstances are not similarly situated. The Legislature has seen fit to increase the severity of punishment for recidivists who have committed serious or violent felonies and who again commit felony offenses. Regardless of whether the new crime committed by such persons is serious or "non-serious," we cannot say harsher treatment for such recidivists is irrational or arbitrary such that it denies them equal protection under the law.

■ McCain's principal argument is that certain recidivist murderers may be able to earn greater credits than he can, at least for those convicted under section 667, subdivision (c)(5) prior to the adoption of Proposition 184, which enacted section 1170.12 et seq. His argument is based on *In re Diaz* (1993) 13 Cal.App.4th 1755 [17 Cal.Rptr.2d 395], which holds that all murderers are sentenced pursuant to section 190 which provides one-third credits and that since section 190 was a voter-passed initiative, the Legislature could not modify its provisions.[3] Thus McCain contends section 667, subdivision (c)(5) would be inapplicable to even recidivist murderers under *Diaz*, which would in turn create such a discrepancy between similarly situated, and indeed more egregious, offenders than himself that it would violate his right to equal protection of the law.[4]

After the briefing was complete in this case, the Supreme Court issued its opinion in *People* v. *Jenkins* (1995) 10 Cal.4th 234, 243-248 [40 Cal.Rptr.2d 903, 893 P.2d 1224]. Because the court in *Jenkins* specifically disapproved of *In re Diaz*, *supra*, 13 Cal.App.4th 1755, we requested and received supplemental briefing on the impact of the reasoning in *Jenkins* on the issues in this case.

The court in *Jenkins* was called upon to interpret a different recidivist offender statute, the habitual criminal statute in section 667.7. The Court of Appeal in *Jenkins* had followed the reasoning of *In re Diaz* and held

[3] *In re Diaz* analyzed an argument involving a claimed denial of equal protection on the basis that recidivist murderers were allegedly sentenced under the then-habitual criminal statute, section 667.7, and "non-recidivist" murderers were sentenced under section 190. Thus, *Diaz* interpreted the relationship between sections 190 and 667.7, and has nothing to do with the current three strikes statute.

[4] McCain acknowledges that Proposition 184 as a voter-approved measure can modify another initiative such as that which had previously modified section 190. He argues, however, since he was sentenced pursuant to section 667, subdivision (c)(5), the voter-approved measure of Proposition 184 is irrelevant.

recidivist murderers who qualified for sentencing under section 667.7 must be sentenced under section 190. Such decision not only impacted the amount of prison credits available to the prisoner, but impacted the calculation of the minimum term before parole eligibility.

The Supreme Court reversed the Court of Appeal and determined that recidivist murderers who qualify under section 667.7 must be sentenced under the provisions of that statute. The court described the purpose of the habitual criminal statute: ". . . The evident purpose of the latter statute [section 667.7]—to provide a distinct and more severe sentencing scheme for violent habitual offenders—plainly suggests that the Legislature intended it to apply, a fortiori, to murderers as well as to criminals who commit violent, but less serious, felonies." (*People* v. *Jenkins, supra*, 10 Cal.4th at p. 243.) Thus, the court concluded that recidivist murderers must be sentenced under section 667.7

The court then turned to an anomaly existing between the two statutes (§§ 667.7, 190). It noted under section 667.7 sentenced prisoners receive up to 50 percent credit against their prison sentences, whereas persons sentenced under section 190 receive only one-third credit against their sentences. It was that anomaly which led the court in *In re Diaz, supra*, 13 Cal.App.4th 1755 to conclude recidivist murderers must be sentenced under section 190 and receive the lesser credits. The court in *Jenkins* said: "We agree with the court in *Diaz* to the extent it recognized that, in enacting section 667.7, the Legislature intended to deal in a more severe manner with those violent offenders who have demonstrated a repeated inability to conform to the norms of society [citation], and to lengthen, not shorten, sentences for habitual violent offenders." (*People* v. *Jenkins, supra*, 10 Cal.4th at p. 246.)

In light of the purpose of the statute, the Supreme Court reconciled the two sentencing schemes potentially applicable to murderers, by imposing the minimum terms under section 667.7, but applying the more restricted credit provisions of section 190. ". . . In our view, the only reasonable construction of section 667.7, as applied to a defendant convicted of murder, is to interpret the statute as requiring a recidivist murderer sentenced under its provisions to serve the minimum period of imprisonment that is at least equal in length to the period of imprisonment that a murderer would be required to serve had he or she been sentenced under section 190, *taking into consideration the limited credits available under section 190. . . .*" (*People* v. *Jenkins, supra*, 10 Cal.4th at pp. 247-248, original italics.)

We think the court's analysis of sections 667.7 and 190 and the potential for discrepancies in credits that may be awarded is instructive in this case.

Persons sentenced under section 667, subdivisions (b)-(i) are only eligible for credits of up to 20 percent of the "total term of imprisonment." (§ 667, subd. (c)(5); *People* v. *Brady* (1995) 34 Cal.App.4th 65 [40 Cal.Rptr.2d 207].) Clearly, persons who are recidivist murderers and who qualify under the three strikes law will be sentenced under its provisions, which take into account the provisions of section 190 in determining the minimum term for life sentences. (§ 667, subd. (e)(2)(A)(iii).)[5] Thus, the entire premise of McCain's equal protection argument falls. All persons who qualify as second or third strike offenders will be sentenced under that statute and will receive the limited credits against their prison sentences as provided in section 667, subdivision (c)(5). Hence, McCain will be treated the same as those persons who are similarly situated. The statute does not deny McCain equal protection of the law.

### DISPOSITION

The judgment is affirmed.

Benke, Acting P. J., and Nares, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 5, 1995.

---

[5]Section 667, subdivision (e)(2)(A)(iii) reads as follows: "The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046."