[No. B144625. Second Dist., Div. Three. July 31, 2001.]

JERMAINE MARQUICE THOMPSON, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

---

**COUNSEL**

Michael P. Judge, Public Defender, Albert J. Menaster, Leslie Ringold and Alex Ricciardulli, Deputy Public Defenders; Bruce Hoffman, Alternate Public Defender, and Michael Goodman, Deputy Alternate Public Defender, for Petitioner.

No appearance for Respondent.

Gil Garcetti and Steve Cooley, District Attorneys, Brent Riggs, Linda Puentes and Shirley S. N. Sun, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**ALDRICH, J.**—In this case, we must decide whether the People are required to present evidence supporting "Three Strikes" prior conviction allegations at preliminary hearings. Petitioner Jermaine Marquice Thompson was charged with possession of cocaine. The complaint also alleged he had suffered two prior convictions within the meaning of the Three Strikes law. While acknowledging that California courts have held proof of strike priors is not required at preliminary hearings, Thompson argues that in light of the United States Supreme Court's decision in *Apprendi v. New Jersey* (2000) 530 U.S. 466 [120 S.Ct. 2348, 147 L.Ed.2d 435] (*Apprendi*), the prior conviction allegations were elements of the charged offense, and therefore were required to be proven at the preliminary hearing. Thompson additionally urges that requiring proof of strike priors at preliminary hearings would further public policy objectives. Finally, he contends that, because prior conviction allegations that serve to elevate a charged offense from a misdemeanor to a felony are proved at preliminary hearings, failure to require similar proof of strike priors violates equal protection principles. Thompson seeks a writ of prohibition restraining his trial on the prior conviction allegations and directing the superior court to set aside the Three Strikes prior conviction allegations in the information pursuant to Penal Code section 995.[1]

We conclude that California law does not require proof of Three Strikes priors at preliminary hearings, and *Apprendi* did not alter this principle. Contrary to Thompson's argument, we conclude that requiring such proof at preliminary hearings would be impractical and unworkable. We likewise reject Thompson's equal protection claim because he is not similarly situated to defendants charged with offenses in which a specified prior conviction is an element of the charged offense, or elevates the charged offense to a felony. Accordingly, we deny Thompson's petition for a writ of prohibition.

### FACTUAL AND PROCEDURAL BACKGROUND

Thompson was charged in a felony complaint with possession of a controlled substance, cocaine (Health & Saf. Code, § 11350, subd. (a)). The complaint also alleged: (1) Thompson had twice been convicted of robbery (§ 211), a serious or violent felony within the meaning of the Three Strikes law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)); and (2) Thompson had served three prior prison terms within the meaning of section 667.5, subdivision (b).

The People submitted no proof regarding the prior conviction and prison term allegations at the preliminary hearing. At the close of the preliminary

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

hearing, Thompson unsuccessfully moved to dismiss all charges and enhancement allegations for insufficiency of the evidence.[2] Thompson was held to answer. On August 1, 2000, an information containing the same charges was filed in superior court. Thompson was arraigned, pleaded not guilty, and denied the prior conviction allegations.

Thompson then moved in superior court, pursuant to section 995, to set aside the portion of the information alleging the Three Strikes prior conviction allegations. He contended the United States Supreme Court's recent decision in *Apprendi* required that the prior convictions must be proven at the preliminary hearing. The superior court denied the motion. The instant petition followed.

DISCUSSION

1. *The superior court properly denied Thompson's section 995 motion to set aside the Three Strikes prior conviction allegations.*

 a. *Strike priors need not be proven at a preliminary hearing.*

Because the issues presented are pure questions of law, we review the trial court's order de novo. (*People v. Rells* (2000) 22 Cal.4th 860, 870 [94 Cal.Rptr.2d 875, 996 P.2d 1184].)

■ California and federal courts have consistently recognized that proof of prior conviction allegations need not be presented at preliminary hearings. ■ By statute, a defendant is entitled to a preliminary hearing to determine whether there exists probable cause to believe he or she has committed a felony. (§§ 859b, 866; *People v. Eid* (1994) 31 Cal.App.4th 114, 129 [36 Cal.Rptr.2d 835].) Section 871 provides that a criminal complaint shall be dismissed if it appears, after the preliminary hearing, that the defendant committed no public offense.[3] To establish probable cause sufficient to withstand a section 871 or section 995 motion to dismiss, the People must make some showing as to the existence of each element of the charged offense. (*Williams v. Superior Court* (1969) 71 Cal.2d 1144, 1148-1149 [81 Cal.Rptr. 761, 480 P.2d 961]; *Salazar v. Superior Court* (2000) 83 Cal.App.4th 840, 842 [100 Cal.Rptr.2d 120].) In some instances a prior

---

[2]Thompson does not here contend that the portions of the information alleging section 667.5, subdivision (b) enhancements should have been set aside.

[3]Section 871 provides in pertinent part: "If, after hearing the proofs, it appears either that no public offense has been committed or that there is not sufficient cause to believe the defendant guilty of a public offense, the magistrate shall order the complaint dismissed and the defendant to be discharged, by an endorsement on the depositions and statement, signed by the magistrate . . . ."

conviction is an element of the charged offense, and consequently must be proven at the preliminary hearing.[4] (E.g., *People v. Baird* (1995) 12 Cal.4th 126, 129 [48 Cal.Rptr.2d 65, 906 P.2d 1220] [ex-felon status of defendant in prosecution for violation of § 12021 (possession of a firearm by an ex-felon) "is an element of the offense"].)

Likewise, the People must present evidence at the preliminary hearing sufficient to establish probable cause on enhancement allegations that are directly or transactionally related to the charged offense. (*People v. Superior Court (Mendella)* (1983) 33 Cal.3d 754, 763 [191 Cal.Rptr. 1, 661 P.2d 1081] (*Mendella*) [superseded by statute on another point, as discussed in *People v. Baries* (1989) 209 Cal.App.3d 313, 321 [256 Cal.Rptr. 920]]; *People v. Shaw* (1986) 182 Cal.App.3d 682, 685 [227 Cal.Rptr. 378]; *Huynh v. Superior Court* (1996) 45 Cal.App.4th 891, 894-895 [54 Cal.Rptr.2d 336].) *Mendella* held that a defendant could challenge, in a motion pursuant to section 995, the People's failure to present sufficient evidence at the preliminary hearing to support a great bodily injury enhancement allegation. (*Mendella, supra,* at pp. 757, 763.) Implicit in *Mendella*'s holding was the principle that the People must present evidence sufficient to establish probable cause on such enhancement allegations. *People v. Shaw, supra,* 182 Cal.App.3d 682, construed *Mendella* to apply only to those enhancements directly or transactionally related to the charged offense. In *Shaw*, a defendant contended that allegations he had been convicted of four serious felonies within the meaning of section 667, subdivision (a) should have been dismissed because no evidence to support them had been adduced at the preliminary hearing. *Shaw* rejected this contention, reasoning that *Mendella* required proof at the preliminary hearing only of those enhancement allegations that were "in nature directly or transactionally related to the charged offense," such as great bodily injury, arming, aggravated theft, and special circumstances allegations. In contrast, prior conviction allegations had no relationship to the charged crime and were not subject to the same requirement. (182 Cal.App.3d at pp. 685-686; see also *Salazar v. Superior Court, supra,* 83 Cal.App.4th at pp. 845-846 [holding that *Mendella* required proof of criminal street gang enhancement at preliminary hearing].)

Additionally, as both parties agree, as a matter of procedural necessity the People must adduce evidence at the preliminary hearing of prior convictions

---

[4]The quantum of evidence produced at a preliminary hearing need not be sufficient to support a conviction. The defendant may be held to answer if there is some rational ground for assuming the possibility that he or she committed an offense. (*People v. Superior Court (Lujan)* (1999) 73 Cal.App.4th 1123, 1127 [87 Cal.Rptr.2d 320]; *People v. DeJesus* (1995) 38 Cal.App.4th 1, 15 [44 Cal.Rptr.2d 796].) However, while the evidentiary showing required at a preliminary hearing is low, the complete failure to present evidence on an element requires dismissal of the allegation. (*Salazar v. Superior Court, supra,* 83 Cal.App.4th at pp. 842, 846.)

that serve to elevate a charged offense from a misdemeanor to a felony. (E.g., §§ 666, 667.51, 314, & 12025.) Although prior convictions alleged pursuant to such statutes are neither elements of the charged offenses (*People v. Bouzas* (1991) 53 Cal.3d 467, 479-480 [279 Cal.Rptr. 847, 807 P.2d 1076]; *People v. Hall* (1998) 67 Cal.App.4th 128, 135 [79 Cal.Rptr.2d 690] and cases cited therein), nor directly or transactionally related to the charged offense, proof of the prior conviction is required so that the parties and the court may know whether to treat the charged offense as a misdemeanor or a felony.

 Prior convictions alleged pursuant to the Three Strikes law, however, fall into none of these categories. Moreover, requiring proof of prior conviction allegations at preliminary hearings is inconsistent with the language and purposes of section 969a, which provides that the People may amend a pending indictment or information to allege prior felonies "whenever" such omission is discovered.[5] Indeed, the People may amend an information to allege prior conviction allegations at any point until the jury that tried the case is discharged. (*People v. Valladoli* (1996) 13 Cal.4th 590, 594, 607-608 [54 Cal.Rptr.2d 695, 918 P.2d 999] [amendment of information to add prior conviction allegations to information after jury rendered verdict for charged crimes, but before jury was discharged, was proper and did not violate defendant's due process rights]; *People v. Tindall* (2000) 24 Cal.4th 767, 776, 782 [102 Cal.Rptr.2d 533, 14 P.3d 207] [information could not be amended to add prior conviction allegations after jury had been discharged].)

The import of section 969a "is that the defendant can be tried on a prior without evidence of same having been presented at the preliminary hearing or before the grand jury." (*Ervin v. Superior Court* (1981) 119 Cal.App.3d 78, 86-87, fn. 2 [173 Cal.Rptr. 208].) As *Mendella* explained, "[a] specific statutory provision . . . permits amendment of the information and rearraignment of the defendant '[w]*henever* it shall be discovered that a pending indictment or information does not charge all prior felonies of which the defendant has been convicted . . . .' [Citation.] Nothing in this opinion is intended to question this statutorily authorized procedure." (*Mendella, supra,* 33 Cal.3d at p. 764, fn. 9, italics original; *People v. Valladoli, supra,* 13 Cal.4th at pp. 597-598 [noting *Mendella*'s observation

---

[5]Section 969a provides, "[w]henever it shall be discovered that a pending indictment or information does not charge all prior felonies of which the defendant has been convicted either in this State or elsewhere, said indictment or information may be forthwith amended to charge such prior conviction or convictions, and if such amendment is made it shall be made upon order of the court, and no action of the grand jury (in the case of an indictment) shall be necessary. Defendant shall promptly be rearraigned on such information or indictment as amended and be required to plead thereto."

that "because the People can add prior felony allegations later, priors need not be pleaded and proven at the preliminary examination"].)

Accordingly, California courts have held that strike priors need not be proved at a preliminary hearing. (*Miranda v. Superior Court* (1995) 38 Cal.App.4th 902, 909 [45 Cal.Rptr.2d 498] [holding Three Strikes law was not enhancement or sentence-enhancing statute, and statutory language did not suggest Legislature intended strike priors be proved at preliminary hearing as precondition of later charge and proof at trial]; *People v. Superior Court (Arevalos)* (1996) 41 Cal.App.4th 908, 911 [48 Cal.Rptr.2d 833].)

Similarly, the United States Supreme Court has concluded that prior conviction allegations are not elements of an offense that must be pleaded in an indictment. (*Almendarez-Torres v. United States* (1998) 523 U.S. 224, 226 [118 S.Ct. 1219, 1222, 140 L.Ed.2d 350] (*Almendarez-Torres*).) *Almendarez-Torres* reasoned that, while an indictment must set forth each element of the charged crime, it need not set forth factors relevant only to sentencing. (*Id.* at p. 228 [118 S.Ct. at p. 1223].) It noted that recidivism is a traditional basis for imposition of an increased sentence; laws increasing punishment for recidivists are in effect in all 50 states and Congress has never made recidivism an element of a crime where the conduct proscribed was otherwise unlawful. (*Id.* at pp. 230, 244 [118 S.Ct. at pp. 1224, 1231].) The court found the legislative decision to treat recidivism as a mere sentencing factor did not offend due process or violate other constitutional limits on the legislative power to define the elements of a crime. (*Id.* at pp. 228, 239-240, 246 [118 S.Ct. at pp. 1223, 1229, 1232]; cf. *Jones v. United States* (1999) 526 U.S. 227, 243, fn. 6 [119 S.Ct. 1215, 1224, 143 L.Ed.2d 311] ["under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (*other than a prior conviction*) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt" (italics added)]; *Monge v. California* (1998) 524 U.S. 721, 728 [118 S.Ct. 2246, 2250, 141 L.Ed.2d 615] [retrial of Three Strikes prior conviction allegation, where People had failed to adduce sufficient evidence of prior at first trial, did not violate double jeopardy principles, because determinations at issue in sentencing proceedings "do not place a defendant in jeopardy for an 'offense.' "].)

Thus, it is clear that neither California law nor federal constitutional principles require the People to prove strike priors at preliminary hearings.[6]

---

[6]Thompson posits that the Three Strikes law requires that prior convictions be pleaded and proved (§ 667, subds. (f), (g)), but is silent regarding *where* the priors must be proved. In

### b. *Apprendi does not require that Three Strikes prior conviction allegations be proven at preliminary hearings.*

Thompson contends that *Apprendi, supra,* 530 U.S. 466, undercut the rationale of the authorities discussed *supra* and compels a contrary result. We disagree.

### (i) *The Apprendi decision.*

*Apprendi* addressed "whether the Due Process Clause of the Fourteenth Amendment requires that a factual determination authorizing an increase in the maximum prison sentence for an offense from 10 to 20 years be made by a jury on the basis of proof beyond a reasonable doubt." (*Apprendi, supra,* 530 U.S. at p. 469 [120 S.Ct. at p. 2351].) There, petitioner Apprendi had fired shots into the home of an African-American family who had recently moved into a formerly all-White New Jersey neighborhood. A New Jersey hate crime statute provided for an extended term of imprisonment when the trial court found, by a preponderance of evidence, that the defendant had acted with the purpose to intimidate a victim because of various character-istics, including race. Apprendi pleaded guilty and the prosecution moved to enhance his sentence pursuant to the hate crime statute. After a hearing, the trial court concluded Apprendi's crime was motivated by racial bias and

other words, he argues, "the mere fact that the statute is silent concerning *where* the priors need to be proved does not indicate that it was intended that the priors *not* be proved at a preliminary hearing."

He also suggests section 969a does not bar a finding that priors must be proven at the preliminary hearing. He points out that section 969a does not explicitly exempt prior conviction allegations from proof at preliminary hearings. He contrasts section 969a with another provision of the Penal Code that more specifically states that an enhancement allegation "may be pleaded in a complaint but need not be proved at the preliminary hearing or grand jury hearing." (§ 12022.1, subd. (c).) Thompson argues that this different language demonstrates that when the Legislature intends not to require proof of an enhancement at a preliminary hearing, it knows how to clearly so state.

Similar arguments were rejected in *Miranda v. Superior Court, supra,* 38 Cal.App.4th at pages 906-907 (concluding that if Legislature had intended evidence of prior strike convic-tions be presented at preliminary hearings, it "would have crafted subdivisions (f) and (g) differently (e.g., 'shall plead and prove all known prior convictions at the preliminary hearing')."). When interpreting a statute, we look first to the plain meaning of its language; if there is no ambiguity, we need go no further, as the plain meaning controls. (*People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 192 [96 Cal.Rptr.2d 463, 999 P.2d 686].) Here, as we have explained above, the Legislature's use of the word "whenever" in section 969a, is incompatible with Thompson's proposed interpretation. A finding that strike priors must be proved at preliminary hearings, but also that the People could amend the information to add prior conviction allegations even after the jury rendered its verdict, would lead to absurd results, as discussed *post.* As we must interpret the statute to " ' avoid an interpretation that would lead to absurd consequences' " (*People v. Rubalcava* (2000) 23 Cal.4th 322, 328 [96 Cal.Rptr.2d 735, 1 P.3d 52]), we reject Thompson's argument.

accordingly imposed a lengthier sentence than he would otherwise have received. Upon appeal to the New Jersey courts, Apprendi's sentence was affirmed. (*Id.* at pp. 471-473 [120 S.Ct. at pp. 2352-2354].)

■ The Supreme Court reversed. It held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Apprendi, supra*, 530 U.S. at p. 490 [120 S.Ct. at pp. 2362-2363].) In so ruling, the court limited its earlier holding in *McMillan v. Pennsylvania* (1986) 477 U.S. 79 [106 S.Ct. 2411, 91 L.Ed.2d 67]. There, the court had embraced the distinction between "sentencing factors," which need not be decided by a jury beyond a reasonable doubt, and elements, to which such a requirement applies. (*Id.* at pp. 85-87 [106 S.Ct. at pp. 2416-2417].) *Apprendi* found the distinction between sentencing factors and elements "novel and elusive," (*Apprendi, supra*, at p. 494 [120 S.Ct. at p. 2365]) and reasoned that the label attached to a particular fact is not determinative. (*Ibid.*) It explained that the term "sentencing factor" appropriately describes aggravating or mitigating circumstances supporting a specific sentence within the statutory range authorized for a particular offense. (530 U.S. at p. 494, fn. 19 [120 S.Ct. at p. 2365].) However, "when the term 'sentence enhancement' is used to describe an increase beyond the maximum authorized statutory sentence, it is the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict" and "fits squarely within the usual definition of an 'element' of the offense." (*Ibid.*) However, the court explicitly declined to overrule *McMillan*, clarifying that *McMillan*'s holding was limited "to cases that do not involve the imposition of a sentence more severe than the statutory maximum for the offense established by the jury's verdict . . . ." (*Apprendi, supra*, 530 U.S. at p. 487, fn. 13 [120 S.Ct. at p. 2361].)

The court also expressed reservations about its holding in *Almendarez-Torres*, stating the case "represents at best an exceptional departure from the historic practice that we have described." ·(*Apprendi, supra,* 530 U.S. at p. 487 [120 S.Ct. at p. 2361].) "Even though it is arguable that *Almendarez-Torres* was incorrectly decided, and that a logical application of our reasoning today should apply if the recidivist issue were contested, Apprendi does not contest the decision's validity *and we need not revisit it for purposes of our decision today to treat the case as a narrow exception to the general rule we recalled at the outset.*" (*Id.* at pp. 489-490 [120 S.Ct. at p. 2362], italics added.) The court explained that, "[t]he reasons supporting an exception from the general rule for the statute construed in [*Almendarez-Torres*] do not apply to the New Jersey statute. Whereas recidivism 'does not relate to the commission of the offense' itself, 523 U.S. at 230, 244 [118 S.Ct. at 1224,

1231], New Jersey's biased purpose inquiry goes precisely to what happened in the 'commission of the offense.' Moreover, there is a vast difference between accepting the validity of a prior judgment of conviction entered in a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt, and allowing the judge to find the required fact under a lesser standard of proof." (*Apprendi, supra,* 530 U.S. at p. 496 [120 S.Ct. at p. 2366].) "Both the certainty that procedural safeguards attached to any 'fact' of prior conviction, and the reality that Almendarez-Torres did not challenge the accuracy of that 'fact' in his case, mitigated the due process and Sixth Amendment concerns otherwise implicated in allowing a judge to determine a 'fact' increasing punishment beyond the maximum of the statutory range." (*Id.* at p. 488 [120 S.Ct. at p. 2362].)

(ii) *Application of Apprendi here.*

 Thompson contends that after *Apprendi*, prior conviction allegations are "elements of a public offense" within the meaning of section 871, and therefore must be proven at a defendant's preliminary hearing. In essence, his argument runs as follows. *Apprendi* held that all facts increasing punishment beyond the statutory maximum must be proven to the jury beyond a reasonable doubt. Therefore, all facts that increase punishment beyond the statutory maximum for the charged offense are the functional equivalent of elements of the offense. Strike priors increase punishment beyond the statutory maximum, and thus are elements of the offense. Because California law requires proof of all elements of the offense at preliminary hearings, strike priors must be proven at preliminary hearings.

We disagree. Thompson's argument ignores the clear statements in *Apprendi* that prior conviction allegations are *excepted* from the court's holding. (E.g., *Apprendi, supra,* 530 U.S. at pp. 489-490, 496 [120 S.Ct. at pp. 2362-1263, 2366].) *Apprendi* was absolutely clear in excepting the fact of prior convictions from its new rule. Thus, when the sentence-enhancing fact is a prior conviction allegation, *Apprendi* is not triggered. While we agree that *Apprendi* blurred the prior distinction between sentencing factors and elements in regard to the federal constitutional requirement that proof of facts increasing punishment beyond the statutory maximum must be determined by a jury beyond a reasonable doubt, it is equally clear that treatment of prior conviction allegations is unchanged. (Cf. *People v. Epps* (2001) 25 Cal.4th 19, 23, 28 [104 Cal.Rptr.2d 572, 18 P.3d 2] [while California defendants have a limited statutory right to jury trial on prior conviction

allegations, *Apprendi* reaffirmed that defendants have no federal constitutional right to have a jury determine the "fact of a prior conviction"];[7] *Cherry v. Superior Court* (2001) 86 Cal.App.4th 1296, 1301-1303 [104 Cal.Rptr.2d 131] [*Apprendi* did not supersede *Monge v. California, supra,* 524 U.S. 721, and double jeopardy principles did not bar retrial of prior conviction allegation].) Contrary to Thompson's assertion, while the court expressed some discomfort with *Almendarez-Torres,* it declined to overrule or revisit its holding in that case. (*Apprendi, supra,* at pp. 489-490 [120 S.Ct. at pp. 2362-2363].) Thus, *Almendarez-Torres* is still the law and its reasoning is applicable here. (*U.S. v. Pacheco-Zepeda* (9th Cir. 2000) 234 F.3d 411, 414-415.)

In sum, neither California law nor federal constitutional principles require that evidence supporting allegations the defendant has suffered strike priors be presented at preliminary hearings.

*2. Public policy would not be furthered by requiring proof of strike priors at preliminary hearings.*

Thompson, however, suggests that requiring proof of strike priors at preliminary hearings would facilitate various public policy objectives. He asserts that preliminary hearings screen out groundless prosecutions (*Mendella, supra,* 33 Cal.3d at p. 759). He posits that the failure to require proof of strike priors at preliminary hearings " 'overlook[s] the serious increase in a defendant's burden of standing trial on the greater charge,' " (*id.* at p. 760), and confers a tactical advantage on the prosecutor. If proof of strike priors was required at preliminary hearings, he argues, the defendant and prosecutor would be placed on "a more level playing field" because the defendant would know what potential sentence he or she was facing. Defendants would know when prior convictions could not be proved, resulting in more plea bargains.

We are unpersuaded. Public policy issues such as those advanced by Thompson are more appropriately addressed to the Legislature. Moreover, we discern no unfair advantage to the prosecution if prior conviction allegations are not proved at the preliminary hearing. The defendant is in a unique

---

[7]*Epps* rejected the contention that *Apprendi* gives defendants a right to have a jury decide whether a prior conviction is a serious felony for purposes of the Three Strikes law. In *Epps,* "only the bare fact of the prior conviction was at issue, because the prior conviction (kidnapping) was a serious felony by definition under section 1192.7, subdivision (c)(20)." (*People v. Epps, supra,* 25 Cal.4th at p. 28.) The court did not decide how *Apprendi* would apply if "some fact needed to be proved regarding the circumstance of the prior conviction— such as whether a prior burglary was residential—in order to establish that the conviction is a serious felony." (*Ibid.*) Here, as in *Epps,* the crime of robbery is a serious felony by definition (§ 1192.7, subd. (c)(19)).

position to know what prior convictions he or she has suffered. Furthermore, proof of prior convictions is generally clear-cut and often undisputed, unlike proof of enhancements transactionally or directly related to the charged offense, which rest upon facts intertwined with the actual commission of the crime.

Contrary to Thompson's view, we conclude that requiring proof of strike priors at preliminary hearings would create procedural impracticalities and contravene the policies underlying section 969a. At the time of the preliminary hearing, the defendant's prior convictions may not be fully known to the People, especially if the defendant has used one or more aliases, or has suffered convictions in other states. (*Miranda v. Superior Court, supra,* 38 Cal.App.4th at p. 909.) By statute, the preliminary hearing must be held within 10 court days from the time of the arraignment, plea, or reinstatement of criminal proceedings, unless the defendant waives his or her right to the 10-day period, the People establish good cause for a continuance, or other limited exceptions exist. (§ 859b.) Even assuming arguendo that the necessity for further research on prior conviction allegations qualified as good cause, such delays would nonetheless clog the courts. Furthermore, as the People explained at oral argument, different district attorneys often represent the People at the preliminary hearing and at trial. Thus, requiring proof of the prior conviction allegations at the preliminary hearing would be duplicative and would needlessly force an attorney appearing only at the preliminary hearing to become familiar with aspects of the case—i.e., facts relating only to proof of the defendant's prior convictions—entirely unrelated to the charged offense itself. Presentation of such evidence at preliminary hearings would unnecessarily expend judicial time, as magistrates would have to hear evidence wholly irrelevant to the determination of probable cause, *before* concluding that the defendant should be held to answer, and before any determination of guilt. If the defendant was ultimately not held to answer, or was not convicted, presentation of such evidence would have been superfluous.

While Thompson suggests undiscovered priors could be added in a subsequent amendment, with the cause then being sent back to the magistrate for a limited remand to present evidence of the priors (or, if the court and both parties agreed, with the trial court sitting as a magistrate (§ 995a, subd. (b)(1)), this suggestion seems highly impractical. If the People amended the information after the verdict, as is permissible at the trial court's discretion, (*People v. Valladoli, supra,* 13 Cal.4th at p. 594; *People v. Tindall, supra,* 24 Cal.4th at p. 781), and if the defendant demanded a jury trial on prior conviction allegations, the jury would be kept waiting while the cause was remanded to the magistrate for a hearing to offer proof of the same priors the

jury was waiting to hear. (*People v. Tindall, supra,* at p. 782 [same jury that decided issue of defendant's guilt "shall" determine truth of alleged prior convictions].) This Kafkaesque scenario is not mandated by law.

Moreover, section 969a should be construed "with an eye towards effectuating the Legislature's expressed view that all known prior felony convictions of an accused be pleaded." (*People v. Valladoli, supra,* 13 Cal.4th at p. 602.) " 'If a defendant has in fact been convicted of one or more previous felonies he ought not escape the consequences thereof simply because he has succeeded in concealing them.' " (*Id.* at p. 603, quoting Com. for the Reform of Criminal Procedure, Rep. to Legislature (1927) pp. 15-16.) Requiring proof of strike priors at preliminary hearings would not further this statutory policy.

### 3. *Failure to prove "strike" priors at preliminary hearings does not violate a defendant's Equal Protection rights.*

■ Thompson next asserts that the failure to present evidence of prior conviction allegations at preliminary hearings violates the equal protection rights of defendants charged under the Three Strikes law. As discussed above, he points out that prior convictions that serve to elevate a charged offense to a felony are routinely proved at preliminary hearings (e.g., §§ 666 [petty theft with a prior theft conviction], 314 [indecent exposure with a prior indecent exposure or other specified conviction], 667.51 [lewd and lascivious acts with a child, § 288, with specified priors], 12025, subd. (b)(1) [carrying a concealed firearm after conviction of a prior felony].) Thompson argues there is no difference between these types of prior conviction allegations and Three Strikes prior conviction allegations, as both increase punishment. Thus, he argues, any distinction between the two types of prior convictions is irrational and results in a violation of his equal protection rights.

Thompson acknowledges that "the due process clause of the Fourteenth Amendment does not require a state to afford preliminary hearings to criminal defendants . . . ." (*Bowens v. Superior Court* (1991) 1 Cal.4th 36, 41 [2 Cal.Rptr.2d 376, 820 P.2d 600].) However, he contends that section 871 created a statutory right entitling a defendant to proof of all elements of a public offense at a preliminary hearing. Therefore, he urges, equal protection principles require that this statutory entitlement be administered rationally and evenly.

■ "The right to equal protection of the laws is guaranteed by the Fourteenth Amendment to the federal Constitution and article I, section 7 of

the California Constitution." (*People v. Hubbart* (2001) 88 Cal.App.4th 1202, 1216 [106 Cal.Rptr.2d 490].) " 'In order to establish a meritorious claim under the equal protection provisions of our state and federal Constitutions appellant must first show that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner. [Citation.] Equal protection applies to ensure that persons similarly situated with respect to the legitimate purpose of the law receive like treatment; equal protection does not require identical treatment. [Citation.]' [Citation.]" (*People v. Gonzales* (2001) 87 Cal.App.4th 1, 12 [87 Cal.App.4th 1378a, 104 Cal.Rptr.2d 247]; *In re Eric J.* (1979) 25 Cal.3d 522, 530 [159 Cal.Rptr. 317, 601 P.2d 549]; *People v. McCain* (1995) 36 Cal.App.4th 817, 819 [42 Cal.Rptr.2d 779].) "There is, however, no requirement that persons in different circumstances must be treated as if their situations were similar. [Citation.]" (*People v. McCain, supra,* at p. 819.) An equal protection claim fails unless " ' " 'there is some showing that the two groups are sufficiently similar with respect to the purpose of the law in question that some level of scrutiny is required in order to determine whether the distinction is justified.' [Citation.]" . . . [¶] If it is determined that the law treats similarly situated groups differently, a second level of analysis is required. If the law in question impinges on the exercise of a fundamental right, it is subject to strict scrutiny and will be upheld only if it is necessary to further a compelling state interest. All other legislation satisfies the requirement of equal protection if it bears a rational relationship to a legitimate state purpose. [Citation.]' " (*People v. Gonzales, supra,* at pp. 12-13.)

██ Thompson fails to establish that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner. (*In re Eric J., supra,* 25 Cal.3d at p. 530.) Thompson is not similarly situated with respect to the legitimate purpose of the laws to other defendants who have their prior conviction allegations proved at the preliminary hearing, i.e., those defendants charged with offenses in which the prior is an element or elevates the offense to a felony.

Where a prior conviction elevates the charged offense to a felony, proof of that prior conviction at the preliminary hearing is necessary to determine whether the charged offense is a misdemeanor or a felony. For example, "[p]etty theft may be treated as a felony only if it is committed by a person who has suffered a prior conviction for a theft-related offense and has served a period of confinement therefor. [Citations.]" (*People v. Nguyen* (1997) 54 Cal.App.4th 705, 714 [63 Cal.Rptr.2d 173].) Likewise, when a defendant is charged with violation of section 12025 (carrying a concealed firearm), a prior conviction specified in section 12025, subdivision (b)(1), "serves to elevate the offense from misdemeanor to felony." (*People v. Hall, supra,* 67 Cal.App.4th at p. 135.)

This distinction is important because procedurally, misdemeanors and felonies are treated differently. Among other things, while a felony generally must be prosecuted by indictment or information (§ 737), a misdemeanor is prosecuted by written complaint under oath subscribed by the complainant (§ 740; see also § 949 [first pleading in felony case is indictment, information, or complaint; first pleading in misdemeanor case is complaint]). Different time limits relevant to prosecution of the case apply to felonies and misdemeanors. (§ 1382, subd. (a).) Part 2, title 11, chapter 1 of the Penal Code (§ 1427 et seq.), sets forth various procedural requirements specific to misdemeanor and infraction cases. Thus, some proof of priors elevating the charged offense from a misdemeanor to a felony is necessary at preliminary hearings.

Strike priors, on the other hand, do not change the character of a defendant's current offense from a misdemeanor to a felony, with the attendant procedural differences. The magistrate's determination of whether probable cause exists to believe the defendant committed a felony is entirely unaffected by the existence of strike priors. The fact of a specified prior conviction is pivotal to a magistrate's determination of whether persons who, for example, commit petty theft with a prior can be held to answer for a felony, because it is the prior conviction that determines whether the current offense is a felony or not. Likewise, in regard to the relatively few offenses where the prior is itself an element of the charged offense, evidence of the prior is necessary at the preliminary hearing to establish probable cause to believe the defendant committed the charged offense.

Moreover, Three Strikes defendants and these other defendants do not necessarily have the same criminal histories. "A defendant who has been convicted of one crime is not in the same position as a defendant who has been convicted of a different crime. [Citation.]" (*People v. Cooper* (1996) 43 Cal.App.4th 815, 828 [51 Cal.Rptr.2d 106]; *People v. Kilborn* (1996) 41 Cal.App.4th 1325, 1330 [49 Cal.Rptr.2d 152] [" '[I]t is one thing to hold . . . that persons convicted of the *same crime* cannot be treated differently. It is quite another to hold that persons convicted of *different crimes* must be treated equally. The latter are not similarly situated for equal protection purposes.' [Citation.]"]; *People v. Applin* (1995) 40 Cal.App.4th 404, 410 [46 Cal.Rptr.2d 862].)

Accordingly, because Three Strikes defendants are not similarly situated to those defendants whose prior convictions are routinely proved at preliminary hearings, Thompson's equal protection argument fails.

## DISPOSITION

The order to show cause issued October 12, 2000, is hereby discharged. The petition is denied.

Klein, P. J., and Kitching, J., concurred.