[No. C054719. Third Dist. Mar. 28, 2007.]

ALEJANDRO QUINONES BARRAGAN, Petitioner, v.
THE SUPERIOR COURT OF YOLO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Barry Melton, Public Defender, Jessie Morris, Jr., Chief Deputy Public Defender, Sally Fredericksen and Keri Goodrow, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Clayton S. Tanaka, Deputy Attorneys General, for Real Party in Interest.

OPINION

**SCOTLAND, P. J.**—After the United States Supreme Court pulled the plug on California's determinate sentencing law to the extent it had allowed imposition of the upper term based upon certain aggravating facts found by the trial judge, not the jury (*Cunningham v. California* (2007) 549 U.S. ___ [166 L.Ed.2d 856, 127 S.Ct. 856] (hereafter *Cunningham*)), trial courts have scrambled to determine how to apply that academic holding to the real world of criminal cases pending trial.

In this case, in which defendant Alejandro Quinones Barragan is accused of attempted murder and other crimes, the jury was empanelled and the People presented its first witness on January 23, 2007, before the prosecutor learned that the previous day the Supreme Court had issued its decision in *Cunningham*. The prosecutor immediately moved to amend the information to charge a number of aggravating facts. Defendant objected, asserting that "California statutes provide for no procedure allowing for the submission of such issues to the jury," that the aggravating facts had not been "presented" at the preliminary hearing, and that he had not been given adequate notice of the "sentencing aggravators."

Observing it was in "uncharted waters," the trial court granted the prosecutor's motion to amend the information. Defendant then filed a demurrer to the amended information, on the grounds that the aggravating fact allegations were uncertain, that they did not state a public offense, and that they did not conform to governing statutes. The court overruled the demurrer and bifurcated the trial so that the aggravating facts would be submitted to the jury only if it found defendant guilty of one or more of the charged crimes.

Defendant then filed in this court a petition for writ of prohibition, asserting that the trial court should have sustained defendant's demurrer because, in his view, "no statutory procedure exists in California under which a jury may decide the truth of [facts] in aggravation" and, in any event, "[facts] in aggravation must be established by sufficient proof at a preliminary hearing or a grand jury," otherwise "a motion to dismiss pursuant to Penal Code section 995 will lie." We denied defendant's request for a "stay of bifurcated portion of trial," but issued an alternative writ to address the issues that he raises. We now shall deny his petition for writ relief.[1]

## DISCUSSION

### I

■ Contrary to defendant's claim, California's statutory scheme governing accusatory pleadings in criminal cases does not preclude the prosecutor from amending the information to allege aggravating facts for purposes of sentencing. Thus, the trial court correctly overruled defendant's demurrer to those new allegations.

■ As pertinent to this case, a defendant in a criminal action "may demur to the accusatory pleading at any time prior to the entry of a plea, when it appears upon the face thereof" that "it does not substantially conform to the provisions of Sections 950 and 952, and also Section 951 in case of an indictment or information" and that "the facts stated do not constitute a public offense." (Pen. Code, § 1004, subds. 2 & 4; further section references are to the Penal Code.) Section 950 states in pertinent part that the "accusatory pleading must contain" a "statement of the public offense or offenses charged therein." Section 952 states in part: "In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified." Section 951 simply sets forth a suggested form for the accusatory pleading.[2]

---

[1] Defendant recently moved to dismiss his petition for writ of prohibition because, for unspecified reasons, the issues it raises have become moot as to him. We denied the motion. (*People v. Cheek* (2001) 25 Cal.4th 894, 897–898 [108 Cal.Rptr.2d 181, 24 P.3d 1204] [even though an intervening event occurring in a case has rendered issues moot as to that case, a court has discretion to address the issues on the merits where they involve a matter of public interest that is likely to recur]; *Californians for Fair Representation—No on 77 v. Superior Court* (2006) 138 Cal.App.4th 15, 22–23 [41 Cal.Rptr.3d 148].)

[2] Section 951 provides: "An indictment or information may be in substantially the following form: The people of the State of California against A. B. In the superior court of the State of California, in and for the county of _____. The grand jury (or the district attorney) of the county of _____ hereby accuses A. B. of a felony (or misdemeanor), to wit: (giving the name of the crime, as murder, burglary, etc.), in that on or about the ___ day of __, 19__, in

An aggravating fact for the purpose of sentencing is not a "public offense" within the meaning of sections 950 and 952. (§ 15 [a "public offense" is "an act committed or omitted in violation of a law forbidding or commanding it, and to which is annexed, upon conviction, either of the following punishments: [¶] 1. Death; [¶] 2. Imprisonment; [¶] 3. Fine; [¶] 4. Removal from office; or, [¶] 5. Disqualification to hold and enjoy any office of honor, trust, or profit in this state"].) However, sections 950 and 952 specify only what an accusatory pleading "must" or "shall" contain, namely, a sufficient statement of the "public offense" allegedly committed.

The statutes do not, on their face, preclude allegations other than public offenses. Indeed, because a fact "other than a prior conviction" used to impose the upper term must first be submitted to a jury and proved beyond a reasonable doubt, unless the accused waives the right to jury trial (*Cunningham, supra,* 549 U.S. at p. ___ [166 L.Ed.2d at pp. 864, 873], it now appears that to satisfy procedural due process, an aggravating fact must be charged in the accusatory pleading. (See *Apprendi v. New Jersey* (2000) 530 U.S. 466, 476, 494, fn. 19 [147 L.Ed.2d 435, 446, 457, fn. 19, 120 S.Ct. 2348]; *Jones v. United States* (1999) 526 U.S. 227, 243, fn. 6 [143 L.Ed.2d 311, 326, fn. 6, 119 S.Ct. 1215] ["any fact (other than prior conviction) that increases the maximum penalty for a crime *must be charged in an indictment,* submitted to a jury, and prove[d] beyond a reasonable doubt" (italics added)].)

So that the statutory scheme governing accusatory pleadings complies with the notice requirements of procedural due process, we construe sections 950 and 952 to permit the People to amend the information to allege aggravating facts for purposes of sentencing. (See *Conservatorship of Hofferber* (1980) 28 Cal.3d 161, 175 [167 Cal.Rptr. 854, 616 P.2d 836] ["If feasible within bounds set by their words and purpose, statutes should be construed to preserve their constitutionality"]; *Samples v. Brown* (2007) 146 Cal.App.4th 787, 799 [53 Cal.Rptr.3d 216].) It is feasible to so construe the statutes because their wording and purpose do not limit an accusatory pleading to allegations of public offenses.

 Indeed, a contrary construction of the statutes would not only implicate due process concerns, it would create an absurd result, i.e., the prosecution would be unable to comply with the *Cunningham* holding that precludes an aggravating fact (other than a prior conviction) from being used to impose

---

the county of _____, State of California, he (here insert statement of act or omission, as for example, 'murdered C. D.')."

the upper term unless the fact has been submitted to a jury and proved beyond a reasonable doubt. Courts do not interpret statutes in a manner that results in absurd consequences that could not have been intended by the Legislature. (*People v. Esparza* (2003) 107 Cal.App.4th 691, 698 [132 Cal.Rptr.2d 377].)[3]

## II

We also disagree with defendant's claim that the prosecution was precluded from amending the information to allege aggravating facts because those facts had not been presented at the preliminary examination.

██ An accusatory pleading "cannot be amended so as to change the offense charged . . . [or] to charge an offense not shown by the evidence taken at the preliminary examination." (§ 1009; see also § 739 [following a preliminary examination (§ 872), the prosecution "may charge the defendant with either the offense or offenses named in the order of commitment or any offense or offenses shown by the evidence taken before the magistrate to have been committed"]; Cal. Const., art. I, § 14 ["Felonies shall be prosecuted as provided by law, either by indictment or, after examination and commitment by a magistrate, by information"]; *Jones v. Superior Court* (1971) 4 Cal.3d 660, 666 [94 Cal.Rptr. 289, 483 P.2d 1241] [a defendant cannot be prosecuted for a felony "in the absence of a prior determination of a magistrate or grand jury that such action is justified"].)

However, an aggravating fact is not an "offense" within the meaning of section 1009 and the statutes governing accusatory pleadings. (See § 15 and the discussion in pt. I, *ante.*) Thus, the statutory scheme does not require the prosecution to plead and prove at the preliminary examination the existence of aggravating facts that can be used to impose the upper term in California's determinate sentencing law.

██ We recognize that for purposes of the constitutional right to trial by jury, a " 'sentence enhancement' " that "describe[s] an increase [in punish-

---

[3] For this reason, it would be inappropriate to invoke the maxim that the "expression of some things in a statute necessarily means the exclusion of other things not expressed." (*Gikas v. Zolin* (1993) 6 Cal.4th 841, 852 [25 Cal.Rptr.2d 500, 863 P.2d 745].) This maxim does not apply when its operation would result in absurd consequences that the Legislature could not have intended (*In re J. W.* (2002) 29 Cal.4th 200, 209–210 [126 Cal.Rptr.2d 897, 57 P.3d 363]) or where, as here, no reasonable inference exists that "items not mentioned were excluded by deliberate choice." (Singer, Sutherland Statutes and Statutory Construction (2007 Supp.) § 47.23, p. 96.)

ment] beyond the maximum authorized statutory sentence" has been viewed by the United States Supreme Court as the "functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict." (*Apprendi v. New Jersey, supra*, 530 U.S. at p. 494, fn. 19 [147 L.Ed.2d at p. 457, fn. 19].) But aggravating facts used to impose the upper term may have nothing to do with the offense; instead, they may relate solely to the offender regardless of the crime committed. Therefore, it would be inaccurate to say that such aggravating facts are the functional equivalent of elements of an offense.

In any event, we are concerned here with statutory provisions, not the constitutional right to trial by jury. For purposes of section 1009 and other sections governing pleading and proof at the preliminary examination, neither the Legislature nor the courts have ever deemed aggravating facts used to impose the upper term as being equivalent to statutory sentencing "enhancements"—many of which were contained in statutory definitions of particular offenses prior to enactment of the determinate sentencing law—that must be alleged in the accusatory pleading and proved at the preliminary hearing. (E.g., § 667, subd. (f)(1); *People v. Superior Court (Mendella)* (1983) 33 Cal.3d 754, 758–763 [191 Cal.Rptr. 1, 661 P.2d 1081]; *Thompson v. Superior Court* (2001) 91 Cal.App.4th 144, 149 [110 Cal.Rptr.2d 89].)

Simply stated, the applicable statutes do not, explicitly or implicitly, require the pleading and proof of aggravating facts at the preliminary examination. It would be wrong to so interpret the statutory scheme now because doing so would in effect nullify the availability of the upper term in many cases—and give defendant the windfall of a lesser sentence than allowed by the determinate sentencing law—simply because the prosecution played by the rules as they were understood when defendant's preliminary examination was held. The law is not a game of "gotcha" that should be played to unfairly penalize the prosecution and frustrate the Legislature's intent to better protect public safety by providing for the possible imposition of an upper term.

In sum, for purposes of sections 1009 and 995,[4] aggravating facts need not be pleaded and proved at the preliminary examination. Indeed, some aggravating facts may not become apparent until after testimony at the preliminary examination.

---

[4] Section 995 states that an accusation in an indictment or information "shall be set aside by the court" if the defendant "had been committed without reasonable or probable cause" as to that accusation. (§ 995, subd. (a)(1)(B), (2)(B).)

## DISPOSITION

The petition for writ of prohibition is denied.

Sims, J., and Cantil-Sakauye, J., concurred.

Petitioner's petition for review by the Supreme Court was denied June 13, 2007, S151684.