[Crim. No. 5522.   First Dist., Div. Three.   Mar. 16, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. GARY COOPER, Defendant and Appellant.

B. R. Cohn, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Edward P. O'Brien and Clifford K. Thompson, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Found guilty by a jury of being a convicted felon in possession of a concealable weapon (Pen. Code, § 12021), defendant was sentenced to prison. Appellant, Worley and Alderman were charged with robbery (Pen. Code, § 211), assault with a deadly weapon with intent to commit murder (Pen. Code, § 217) and possession of concealable weapons. Alderman pleaded guilty to a charge of attempted robbery. Cooper and Worley were tried on all three charges. Each was convicted only on the count of possession. The jury disagreed as to the other two charges against each. Only Cooper appeals.

Three masked men held up a jewelry dealer who was a particularly resistant victim. Despite being struck on the head by gun butts several times, and shot once, he picked up a stool and pursued the robbers as they fled. With blood running down his face, and shouting loudly, he chased them from his second floor office for some distance up the street, until he collapsed. The fact that a robbery was in progress was broadcast by police radio. A nearby patrol car, driven by Officer Bigarani, arrived as the robbers fled by automobile. A bystander pointed out the direction taken by the fleeing car. At the officer's request he joined them, and as they drove in pursuit, described the getaway automobile. This description was in part directly broadcast and in part repeated by Officer Bigarani over his radio as he drove. As the officers drew their guns and the car slowed, the bystander passenger announced "I'm getting out here," and left. He was not located before trial. Officers in another police car, having heard the description of the wanted vehicle, found and stopped one answering it. It was driven by Worley, who wore a gun in a shoulder holster. Cooper, riding in the passenger seat, reached into the glove compartment as the car stopped. The officers found a loaded Luger pistol in the glove compartment. Cooper had in his pocket nine shells which fit that gun.

Appellant argues that Officer Bigarani's testimony of the car description given him by the unknown bystander, and the testimony of the officers in the other squad car that they received the description by radio, was inadmissible hearsay.

This evidence, of course, does not relate to possession of a concealable weapon, the offense of which appellant was convicted. It does, however, constitute the only showing of reasonable cause for the stopping of the automobile and the arrest of appellant and Worley which, in turn, led directly to the discovery of their weapons. Hearsay evidence is admissible to show probable cause for arrest and search (*People* v. *Boyles,* 45 Cal.2d 652, 656 [290 P.2d 535]). Although the evidence now claimed erroneous was not vulnerable to the hearsay objection, defense counsel's objection was based in part upon the absence of any direct evidence that the bystander who became a passenger in the police car was a reliable informant.

By analogy to the spontaneous declaration exception to the hearsay rule, however, there is ample circumstantial evidence

to establish his reliability. Shots had been fired in his hearing; three masked men brandishing guns had run down the street past him, pursued by a bleeding man who shouted after them as they entered an automobile and sped off. He had voluntarily entered a police car only a minute or two later to join in the chase, and had left a very short time later, when the police drew their own weapons as they approached one probable quarry. It is readily evident that this bystander acted and spoke under the stress of nervous excitement caused by a startling event, and spoke of that event while still under stress and fear before he had an opportunity to contrive or misrepresent. Thus all tests of the spontaneous declaration rule are met (*Showalter* v. *Western Pacific R.R. Co.*, 16 Cal. 2d 460, 468 [106 P.2d 895]; *People* v. *Vernon*, 35 Cal. 49 [95 Am.Dec. 49]; *People* v. *Bazaure*, 235 Cal.App.2d 21, 37 [44 Cal.Rptr. 831]; *People* v. *Haskell*, 185 Cal.App.2d 267 [8 Cal. Rptr. 288]; 6 Wigmore on Evidence [3d ed.] § 1750). The same factors which warrant admission of such spontaneous declarations as evidence of the truth of their content serve even more strongly to warrant police reliance upon them. The urgent need for prompt pursuit of fleeing wrongdoers precluded independent investigation of the antecedents and integrity of the bystander passenger, whose obvious agitation in his position of danger carried its own indicia of honesty. The evidence was admissible to show reasonable cause to arrest appellant, and amply shows such cause.

We are aware that evidence of probable cause is properly for the court, rather than the jury (*People* v. *Gorg*, 45 Cal.2d 776, 780-1 [291 P.2d 469]). Here, however, defendants did not ask that the jury be excused. They waived the objection (Evid. Code, § 353, subd. (a), codifying existing rule). Moreover, this testimony could affect only the charges of which appellant was not convicted. His possession of the pistol was shown by wholly independent evidence, upon which the claimed hearsay had no bearing.

After defendant had denied reaching into the glove compartment which contained the pistol, the prosecution called a police officer in rebuttal. He but corroborated the testimony already given by his partner on the case in chief. We find this to be proper rebuttal, and not the withholding of a material part of the case (see *People* v. *Nye*, 38 Cal.2d 34, 39 [23 P.2d 1]).

Judgment affirmed.

Salsman, J., and Brown (H. C.), J., concurred.