[Crim. No. 12903.   Second Dist., Div. One.   May 1, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIE EUGENE CURRY, Defendant and Appellant.

Gilbert F. Nelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Richard Tanzer, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—Defendant, arraigned under the names of Ala Lalabad Alalakahn Zodiac XV and Zoraster, was convicted by a jury of first degree robbery (Pen. Code, § 211 [count I]) and two counts of kidnaping for the purpose of robbery (Pen. Code, § 209 [counts II, III]) ; the jury also found that at the

time he had been armed with a deadly weapon, a pistol. He appeals from the judgment.

On June 11, 1965, around 2 p.m., in the Shop Rite Market, defendant walked up to Dallas Evans, assistant manager, who was working in the vegetable section, and asked if he would okay a check. As Evans reached for it he found that defendant had a gun in his hand pointed at him; defendant told him, "You know what I want? I have got you tuned in. So don't try your long key (used to turn on a burglar alarm)." Warning Evans not to start anything, defendant said, "Let's go"; as they prepared to walk to the office, Mr. Lott, general manager stopped and asked Evans what was happening. Upon discovering that Lott was the manager, defendant raised the gun at him and said, "You come and go, too." Defendant walked the two men to the office of the market, 45 or 50 feet from the place defendant first pointed the gun at Evans, and ordered them to give him "everything you got over there." At defendant's instructions, Evans put in his hat the money in the safe amounting to $1,450; defendant folded up the hat and said, "Don't set the alarm because I have got a shotgun at the front door," and backed out of the office. Meanwhile, codefendant Henry Huntsman, carrying a shotgun, had ordered employees out from behind the counter and back toward the rear of the store.

Huntsman, a defense witness, testified that he participated in the robbery but with a man who was not the defendant. Defendant testified that he had never been in the Shop Rite Market, knew Huntsman and had a business transaction with him but knew nothing about the robbery; he admitted a prior felony conviction.

The main issue relates to the judgment. Appellant claims that the trial judge, in sentencing him to the state prison on the robbery conviction (count I) and the two counts of kidnaping for the purpose of robbery (counts II, III), violated section 654, Penal Code.

In part, the judgment provides: ". . . Probation denied on counts 1, 2 and 3. Sentenced as indicated. A stay of execution is granted on counts 1 and 3 pending any appeal in reference to the judgment in count 2, such stay to become permanent upon serving of sentence in count 2.

"Whereas the said defendant having been found guilty in this court of the crime of ROBBERY (Sec 211 PC), a felony, as charged in Count 1 of the amended information, which the jury found to be Robbery of the first degree and that defend-

ant was armed as alleged and KIDNAPING FOR THE PURPOSE OF ROBBERY (Sec 209 PC), a felony, as charged in each of the Counts 2 and 3 and defendant having been found armed as alleged

"It is Therefore Ordered, Adjudged and Decreed that the said defendant be punished by imprisonment in the State Prison for the term prescribed by law, on said Counts. . . ."

Section 654, Penal Code, prohibits the imposition of double punishment but does not prohibit double conviction (*In re Ward*, 64 Cal.2d 672, 676-678 [51 Cal.Rptr. 272, 414 P.2d 400] ; *In re Wright*, 65 Cal.2d 650, 653 [56 Cal.Rptr. 110, 422 P.2d 998] ; see also *People* v. *McFarland*, 58 Cal.2d 748, 762 [26 Cal.Rptr. 473, 376 P.2d 449]) ; here there is no double punishment. While the judge sentenced defendant to the state prison on all three counts, he stayed the execution of sentence on the robbery conviction (count I) and one kidnaping conviction (count III) pending any appeal from the judgment in count II (kidnaping), said stay to become permanent upon the serving of the sentence imposed in count II. The judge used this procedure as a means of avoiding a violation of section 654; it eliminated the effect of the judgment as to the lesser offense (robbery) insofar as it concerns the penalty alone. (*People* v. *Niles*, 227 Cal.App.2d 749, 756 [39 Cal.Rptr. 11].) It was proper to sentence on all counts and stay execution of sentence on all except one (*People* v. *Jenkins*, 231 Cal.App.2d 928, 935 [42 Cal.Rptr. 373] ; *People* v. *Niles*, 227 Cal.App.2d 749, 755 [39 Cal.Rptr. 11] ; *In re Wright*, 65 Cal.2d 650, 655-656 [56 Cal.Rptr. 110, 422 P.2d 998]), resulting in punishment only for the kidnaping offense; the permanent stay on the robbery and other kidnaping conviction effectively removed the punishment for them. This complies with section 654 inasmuch as the punishment for the offense of kidnaping (Pen. Code, § 209) is greater than for first degree robbery (Pen. Code, § 213) as charged in count I. (*In re Ward*, 64 Cal.2d 672, 676 [51 Cal.Rptr. 272, 414 P.2d 400] ; *People* v. *Niles*, 227 Cal.App.2d 749, 756 [39 Cal.Rptr. 11].)

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.