[Crim. No. 5583.   First Dist., Div. Four.   Nov. 29, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. GARY COOPER et al., Defendants and Appellants.

Gary Cooper and John Worley, in pro per., B. R. Cohn, under appointment by the Court of Appeal, and Andre Laborde for Defendants and Appellants.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Karl S. Mayer, Deputy Attorneys General, for Plaintiff and Respondent.

DEVINE, P. J.—Appellants were found guilty previously on a charge of possession of concealable firearms. Cooper appealed. The conviction was affirmed. (*People* v. *Cooper,* 249 Cal.App.2d 479 [57 Cal.Rptr. 588].) Worley did not appeal. The jury which convicted them disagreed on the charge of robbery. Another jury convicted Cooper and Worley of robbery and of assault with a deadly weapon, and found

that they were armed with deadly weapons at the time of the robbery and at the time of the arrest. Both defendants appeal. The general factual situation may be seen in the earlier *Cooper* case. The points on this appeal appear under separate headings.

## Hearsay Testimony

On the former appeal, it was held that the officer's testimony of a bystander's description of the getaway car was in effect an application of the spontaneous declaration exception to the hearsay rule. We agree with this ruling.

As to Officer Smith's testimony about a report he heard over the radio, there was no objection. The point cannot be raised on appeal. (*People* v. *Cockrell,* 63 Cal.2d 659, 667 [47 Cal.Rptr. 788, 408 P.2d 116].)

The argument that the bystander was not produced and hence that confrontation did not exist is without merit. The bystander was not a witness. His spontaneous declaration is an independent element of evidence.

## Double Punishment

There would be a good point for appellants if double punishment had been rendered for the robbery and the lesser and included offense of assault with a deadly weapon. But because of the stay of execution on the lesser offense, double punishment has been avoided. (*People* v. *Niles,* 227 Cal.App. 2d 749, 755-756 [39 Cal.Rptr. 11]; *People* v. *Johnson,* 242 Cal.App.2d 870, 876-877 [52 Cal.Rptr. 38]; *People* v. *Rosenfield,* 243 Cal.App.2d 60, 62, fn. 1 [52 Cal.Rptr. 101]; *People* v. *Curry,* 250 Cal.App.2d 592 [58 Cal.Rptr. 720].) Double punishment is proscribed, but not double conviction.

We turn now to the asserted double punishment for possession of firearms and for the robbery.

It is plain that the earlier conviction was for the possession of the concealable firearms at the time of the arrest, and not at the time of the robbery, because if the first jury had found defendants guilty of the firearms charge at the time and place of the robbery, surely they would have found them guilty of the robbery, too. The opinion in the former case (249 Cal. App.2d at p. 482) recognizes the fact that the conviction related to the possession of the guns at the time of arrest.

So, we inquire whether possession of the weapons at the time of the arrest was part and parcel of the robbery. We hold that it was not. There is no showing that the guns which were in appellants' possession at the time of the arrest were with them at the time of the robbery. There is testimony about

one gun, held by one of three men at the time of the robbery. This gun may not have been one of those found later.

Moreover, appellant Cooper reached for the glove compartment, where the loaded Luger was, when he was accosted by the officers. The possession of the gun at this time, therefore, may logically be held to have been for new purposes, even if this gun had been present at the robbery. And Cooper, although he denied the robbery, testified that he saw Worley putting on a shoulder holster and a gun. This was shortly before the arrest. Putting together the robbery, which the jury found to have been committed, and the strapping on of the holster and gun just before the arrest, we have a combination which allows the inference that a possible new use of the gun was in prospect. Wherefore, the lack of showing that either of the guns which appellants had at the time of arrest was with them at the time of the robbery, and the evidence that even if the guns were the same they were associated with the general criminality of possession as distinguished from immediate use for the robbery, remove the two sentences from the category of double punishment for the same offense.

### Search of the Automobile

The arrest was made some minutes after 6:44 p.m. A search of the vehicle was made in the police garage at about 7:20 p.m. by one of the arresting officers. A pair of gloves, a portable transceiver, a coat, a black hat, and a shoulder holster were found. We consider all of the circumstances of the case in deciding the legality of the search. (*Cooper* v. *California*, 386 U.S. 58 [17 L.Ed.2d 730, 87 S.Ct. 788]; *People* v. *Webb*, 66 Cal.2d 107, 118 [56 Cal.Rptr. 902, 424 P.2d 342].) We conclude that the search as a whole was reasonable. The police had every reason to believe that the vehicle was the getaway car. They had no assurance that the two guns taken at the time of the arrest were the only weapons which were in or about the vehicle. The arrest of appellants did not end the possibility that other guns might accidentally wound or kill someone. The vehicle itself, caught in hot pursuit, was an instrument of the crime.

A second "search" was made about a week later for the purpose of lifting fingerprints. There could not have been any prejudice from this search. The fingerprints which were found were those of appellants, who admittedly were in the vehicle, and of two others who were shown to have been in the vehicle by appellants' own witness, Alderman.

## Cooper's Affidavit

■ Cooper makes the point that an affidavit which he made was admitted in evidence erroneously. The affidavit is not a confession. It states that one Alderman, who was being held in the State of Washington for extradition to California, "had no connection with the crime charged against affiant and at no time has committed any criminal act with me." From this, one could draw an inference of guilt on Cooper's part.

The affidavit was prepared by Alderman. Cooper testified that the police officer who handed it to him said he didn't care whether Cooper signed it or not. There is no testimony at all of compulsion, express or implied, on the part of law enforcement officers.

He did not have legal advice about signing the affidavit. But the only objections to the admission were that it was irrelevant and immaterial and hearsay. These were not good objections. The objection of lack of counsel's advice, made for the first time on appeal, comes too late. (*People* v. *Larke,* 246 Cal.App.2d 571 [54 Cal.Rptr. 834].)

## Instructions to Jury

As the transcript reads, the judge instructed the jury that their verdict was to be "guilty" if they found that defendants did commit the crimes charged and "guilty" if they found they did not commit one or both of the crimes charged. This was in a preliminary general direction to the jury, before the opening statements of counsel at the beginning of the trial. It is inconceivable that a slip of the tongue at that time would have led the jury to believe that the whole trial which followed, and in which there were 21 witnesses, was a sham because the verdict must be "guilty" anyway.

## Amendment of the Indictment

■ Appellant Cooper filed a supplemental brief in which he makes the point that the trial court lacked jurisdiction to allow an amendment to the indictment to charge that appellants were armed with deadly weapons, to wit, pistols, at the time of the commission of the offenses of assault with intent to commit murder and robbery, and also were so armed at the time of their arrest. The amendment was made over the objection of the defendants. The jury found that it was true that appellants were armed with pistols both at the time of commission of the offenses and at the time of their arrest.

The amendment was made during the second trial, following conviction by the first jury of violation of Penal Code section 12021, possession by convicted felons of concealable weapons. (The indictment did not, of course, charge that defendants were armed with deadly weapons for the purposes of section 3024 of the Penal Code, having to do with increased minimum sentences, in connection with the 12021 offense. An integral part of section 12021 is being armed with a deadly weapon. (*In re Shull,* 23 Cal.2d 745, 748 [146 P.2d 417].) Thus, section 12021 cannot be augmented as to penalty by section 3024.) It is appellant Cooper's contention that he was made subject to double jeopardy. We cannot agree. At least as to the element of defendants' being armed at the time of the *commission* of the robbery, the offense was quite distinct from the possession of concealed weapons by ex-felons at the time of arrest; as stated above, the weapons may not have been the same, and in any event there is evidence that a new and separate use was contemplated. Following the mistrial brought about by the jury's disagreement as to the robbery and assault charges, the trial simply proceeded with a new jury.

Section 1009 of the Penal Code allows an amendment of an accusatory pleading, with leave of the court, at any stage of the proceedings. There is this limitation: an indictment cannot be amended so as to change the offense charged. Amendment to allege that a defendant was armed with a deadly weapon at the time of the commission of an offense does not change the offense itself. It has to do with minimum term of sentence and not with the essential ingredients of the offense. In this it is similar to amendment of an indictment to charge priors, which is allowable. (*People* v. *Roberson,* 167 Cal.App.2d 429 [334 P.2d 666].)

Appellant Cooper does not argue that he was caught by surprise in that the evidence relative to his being armed was unexpected. Throughout the entire first trial, in which the jury disagreed, the subject of defendants' being armed at the time of the commission of the robbery was thoroughly developed.

The judgment is affirmed as to both appellants.

Rattigan, J., and Christian, J., concurred.

A petition for a rehearing was denied Dcember 29, 1967, and appellants' petition for a hearing by the Supreme Court was denied January 24, 1968.