Filed 3/28/16

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----


| | |
|---|---|
| THE PEOPLE, | C077159 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 12F5851, 12F6588, 14F0372, 14F1819) |
| v. | |
| DANIEL JAMES ROGERS, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of Shasta County, Wilson Curle, Judge. Affirmed as modified.

Julia Freis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Michael A. Canzoneri, Supervising Deputy Attorney General, Clifford E. Zall, Deputy Attorney General, for Plaintiff and Respondent.

A jury convicted defendant Daniel James Rogers of inflicting corporal injury to a cohabitant/child's parent (Pen. Code, § 273.5, subd. (a) (count 1)),[1] false imprisonment by violence or menace (§§ 236, 237 (count 2)), assault with force likely to produce great bodily injury (§ 245, subd. (a)(4) (count 3)), and simple assault (§ 240 (count 4)), a lesser included offense to assault with a deadly weapon (§ 245, subd. (a)(1)). The jury also found true allegations that defendant inflicted great bodily injury under circumstances involving domestic violence (GBI enhancement) (§ 12022.7, subd. (e)) and served a prior prison term (§ 667.5, subd. (b)).

On appeal, defendant contends his attorney rendered ineffective assistance of counsel by failing to object to the prosecution's motion to amend the information to add counts 3 and 4 and the GBI enhancement after defendant waived a preliminary hearing. Defendant asks that the entire judgment be reversed, or alternatively, that his convictions for the new charges be struck. The People concede that the information could not be amended to add the new charges, but argue that complete reversal is unprecedented and the remedy is to strike the improper charges. As for the GBI enhancement, the People contend that it was properly added to the information, even though defendant had waived his preliminary hearing.

We conclude that when a defendant has waived his or her right to a preliminary hearing, an information cannot thereafter be amended to add conduct enhancement allegations. Accordingly, we order that the GBI enhancement be struck along with counts 3 and 4. Because we conclude that defendant suffered no prejudice by the inappropriate amendments, we affirm the convictions on the original charges and the prior prison term enhancement. We remand for resentencing because defendant's sentence on this case was part of a global settlement involving other cases.

_____

[1] Undesignated statutory references are to the Penal Code at the time of the charged offenses.

2

## FACTUAL AND PROCEDURAL BACKGROUND

### The Original Charges

Defendant was initially charged with two counts and two enhancements: inflicting corporal injury on a cohabitant/child's parent (§ 273.5, subd. (a) (count 1)), false imprisonment by violence (§§ 236, 237 (count 2)), personal use of a deadly weapon in the commission of the false imprisonment (§ 12022, subd. (b)(1)), and a prior prison term allegation (§ 667.5, subd. (b)). On November 21, 2012, defendant waived a preliminary hearing.[2] Both defense counsel and defendant as well as a prosecutor signed the waiver. On November 29, 2012, an information was filed with identical charges.

Four days before trial, a different prosecutor than the one who had previously signed the preliminary hearing waiver form advised the court she was ready to go to trial on this matter and indicated it was the lead case. The new prosecutor then moved to amend the information adding three counts and an enhancement: assault with force likely to produce great bodily injury (§ 245, subd. (a)(4) (count 3)), assault with a deadly weapon (§ 245, subd. (a)(1) (count 4)), criminal threats (§ 422 (count 5)), and a GBI enhancement as to count 3 (§ 12022.7, subd. (e)).[3] The same defense attorney who had

---

[2] As a condition of the waiver, the prosecution's plea offer of five years four months was to stay open for a specified period of time.

[3] In the points and authorities filed in support of the motion to amend, the new prosecutor told the court that section 1009 allows amendments "in the current *complaint*" and that the court had discretion to allow the amendments. The prosecutor further wrote that the only instances in which appellate courts have found an abuse of discretion for allowing an amendment is when the new charge was barred by a statute of limitation. The prosecutor stated that the proposed amendments were "the product of prosecutorial review of the reports *and original complaint which was then deemed the information*." (Italics added.) Nothing in the prosecutor's motion or points and authorities alerted the trial court that the defendant had waived his right to a preliminary hearing.

In a declaration in support of the motion, the prosecutor indicated that she was newly assigned to the case. She stated, "I recently reviewed this case and the original complaint

3

signed defendant's preliminary hearing waiver form represented defendant at this proceeding. Defense counsel expressly stated he had no objection and the court granted the motion.

On the second day of trial, the prosecution again moved to amend the information, this time to allege the GBI enhancement as to count 1 instead of count 3. Defense counsel again expressly stated he had no objection, and the trial court granted the motion.

## Trial Evidence

Defendant and the victim, his girlfriend of nine years, had an abusive relationship. The day of the incident, they got into an argument in their trailer home. Defendant pushed the victim onto the bed, threw things at her, and strangled her while pushing her against the wall. He punched her in the face, knocking a tooth through her lip. The victim testified that at one point, defendant threatened her with a machete. When defendant strangled her, he told the victim, " 'I will kill you.' " When he came at the victim with the machete, defendant told the victim she was going to die "like [her] grandmother did." The victim's grandmother had been strangled to death by the grandmother's boyfriend, and defendant knew the grandmother had been killed by her boyfriend.

The attack and false imprisonment lasted two hours. When the victim tried to escape the trailer, defendant blocked her way and pushed her back. The victim finally escaped when friends arrived to drop off the victim's younger children.

A physician's assistant testified that she examined the victim at a hospital emergency room. The victim sustained a laceration where her tooth had pierced her

---

in order to prepare for trial. Upon reading the file and reviewing the charges, I realized that additional charges are appropriate under the circumstances. [¶] *I am informed and believe Defendant faces several cases that can be tried before this one so that a preliminary hearing can be held for the new charges*." (Italics added.) There was no mention of the fact that defendant had waived his right to a preliminary hearing on the pending charges in the prosecutor's declaration.

upper lip, requiring suturing.  The victim also complained of extreme tenderness to her neck and spine, and she had swelling of her lumbar and sacrum.  Photographs of the victim's injuries were introduced into evidence.

Defendant did not testify and he offered no witnesses.

### Verdicts and Sentencing

The jury convicted defendant on counts 1, 2, and 3, and a lesser included offense of simple assault on count 4.  The jury found true the GBI allegation as to count 1 and the allegation that defendant had served a prior prison term.  The jury returned a not guilty verdict for count 5 and a not true finding for the use of a deadly weapon enhancement.

Defendant was sentenced to a state prison sentence of 11 years 8 months on this case calculated as follows:  the upper term of four years on count 1, corporal injury to a cohabitant/child's parent (§ 273.5, subd. (a)); the upper term of five years on the GBI enhancement (§ 12022.7, subd. (e)); eight months (one-third the midterm) on count 2, false imprisonment by violence; one year (one-third the midterm) consecutive on count 3, assault with force likely to cause great bodily injury; and one year for the prior prison term enhancement (§ 667.5, subd. (b)).  As for the lesser included offense on count 4, simple assault, the trial court sentenced defendant to 30 days concurrent.[4]

### DISCUSSION

On appeal, defendant's sole contention is that his attorney rendered ineffective assistance in failing to object to the prosecution's amendments to the information.  He argues that having waived a preliminary hearing, the prosecution could not properly add the charges and the GBI enhancement, because they were not charged in the pleading to which he waived a preliminary hearing.  Defendant urges that the entire judgment must

---

[4] As part of a global settlement, defendant subsequently pled no contest to various other charges in 12 pending cases.  The record on those cases is not before us.  The total aggregate term imposed for all of defendant's cases was calculated at 14 years.

be reversed because the jury may have been swayed as to the original charges by evidence brought in support of the new charges and the GBI enhancement allegation. Alternatively, defendant urges that his convictions for the charges and GBI enhancement added by amendment be struck.

The People concede ineffective assistance of counsel as to the addition of counts 3 and 4, but assert that complete reversal is not appropriate; only counts 3 and 4 should be reversed. The People argue that the GBI enhancement should be affirmed because "there is nothing improper about adding an enhancement to a charge that appellant has notice of" and because the enhancement did not change " 'the essential ingredients of the offense.' " We disagree and hold that an information cannot be amended to add a conduct enhancement after a defendant has waived the right to a preliminary hearing.

We conclude that the convictions for counts 3 and 4, and the GBI enhancement must be stricken. However, there was no evidence introduced that would not have been admissible on the original charges and deadly weapon use enhancement. Consequently, we disagree with defendant's contention that complete reversal is warranted and affirm as to the verdict and finding regarding the original charges and enhancement.

### A. The Offenses Added by the Amendment

Section 1009 prohibits amending an information to charge an offense not shown by evidence taken at the preliminary hearing. That provision reads in pertinent part: "An indictment or accusation cannot be amended so as to change the offense charged, nor an information so as to charge an offense not shown by the evidence taken at the preliminary examination." It is well settled that where a defendant waives a preliminary hearing, the prosecution may not amend the information to add new *charges*. (*People v. Peyton* (2009) 176 Cal.App.4th 642, 654 (*Peyton*); *People v. Winters* (1990) 221 Cal.App.3d 997, 1007 (*Winters*).) This is so, even if the amendment would not prejudice the defendant or if the defendant had notice of the facts underlying the new charges. (*Peyton*, at pp. 654, 656.)

6

*Winters, supra*, 221 Cal.App.3d 997 provides guidance here. In *Winters*, the defendant was charged with possessing methamphetamine for sale and waived a preliminary hearing. (*Id*. at p. 1002.) During the trial, over the defendant's objection, the court allowed the prosecution to amend the information to allege a second count, transporting methamphetamine. (*Id*. at pp. 1001-1002.) On appeal, the appellate court reversed the transportation conviction as violative of section 1009. (*Winters*, at pp. 1007-1008.) Because the defendant had waived his preliminary hearing, no evidence shown at a preliminary hearing could support the new charge. (*Ibid*.) The court rejected the People's argument that the new charge was proper because it was based on evidence defendant knew of when he waived his preliminary hearing. (*Id*. at p. 1006.) As the court noted, to allow the amendment " 'would result, in legal effect, in wiping out all provisions of the [C]onstitution and the Penal Code providing for a preliminary examination, and in clothing the district attorney with unlimited authority to file information against whomsoever in his judgment he [or she] might consider guilty of crime.' " (*Id*. at p. 1007.)

Similarly, in *Peyton, supra*, 176 Cal.App.4th 642, the court struck a conviction for a charge added after the defendant waived a preliminary hearing and concluded that counsel's failure to object the amendment adding the charge constituted ineffective assistance of counsel. (*Id*. at p. 653.) Citing section 1009 and *Winters*, the court explained that when a defendant waives a preliminary hearing, "the defendant may not be charged with additional crimes not charged in the pleading to which he waived his right to a preliminary hearing." (*Peyton*, at p. 654.) The court similarly rejected the People's argument that new charges are proper if the defendant is on notice of their underlying facts when he waives a preliminary hearing. (*Id*. at p. 655.)

Here, the People appropriately concede that defense counsel should have objected to the additional charges and that the failure to object to the amendments constituted ineffective assistance of counsel as to the convictions on counts 3 and 4. We agree and

7

accept that concession.[5]  We now turn to the issue of the conduct enhancement.

## B.  Amendment to Add a Conduct Enhancement

In a case the People failed to discuss, *People v. Superior Court (Mendella)* (1983) 33 Cal.3d 754, 762, footnote 8, 764 (*Mendella*), superseded by statute on other grounds as stated in *In re Jovan B.* (1993) 6 Cal.4th 801, 814, footnote 8, the California Supreme Court held that a defendant could challenge the prosecution's failure to present evidence supporting a GBI enhancement allegation at the preliminary hearing by moving to dismiss the enhancement pursuant to section 995.[6]  In *Mendella*, a preliminary hearing had been held on a complaint that did not include an enhancement.  Later, the prosecution added a GBI enhancement when it filed the information.  (*Mendella*, at p. 757.)  In holding that the defendant could challenge the enhancement under section 995, the *Mendella* court observed that one function of a preliminary hearing is to weed out " 'groundless or unsupported charges.' " (*Mendella*, at p. 759.)  The court observed, "together[,] the preliminary hearing and the section 995 motion operate as a judicial check on the exercise of prosecutorial discretion." (*Ibid*.)  The court further noted that the function of a preliminary hearing is not limited to screening out groundless prosecutions.  " 'It is of at least equal, and often far greater, importance that the defendant not be charged excessively. . . .  [¶]  To deny that the defendant is prejudiced by such exercises of prosecutorial discretion is to overlook the serious increase in a defendant's burden of standing trial on the greater charge, the tactical advantage conferred upon the prosecutor in respect to plea bargaining . . . and the various collateral effects of the more

---

[5] Clearly, defense counsel should have objected to the additional charges. In view of section 1009, *Winters*, and *Peyton*, there can be no satisfactory explanation for defense counsel's failure to object to these amendments.  (See *Peyton, supra*, 176 Cal.App.4th at p. 654.)

[6] Section 995, subdivision (a)(2)(B), provides that an information may be set aside where the defendant was not committed without reasonable or probable cause.

8

serious accusation itself. An adequate screening procedure must be concerned with these problems of the overcharge as well as of the wholly unfounded charge. [Citations.] [¶] These concerns are equally applicable to overcharging in the form of adding enhancements.' " (*Id*. at pp. 759-760, fn. omitted.) From this, the *Mendella* court reasoned that it is "beyond dispute that there must be a method to challenge misuse of enhancement allegations: 'A section 995 motion provides such a quick and efficient remedy.' " (*Id*. at p. 761.) The court concluded, however, that as long as evidence at the preliminary hearing supports the enhancement, there is no bar adding the enhancement to the information. (*Id*. at p. 764.)

By contrast, in *Thompson v. Superior Court* (2001) 91 Cal.App.4th 144, 148 (*Thompson*), the court held that the prosecution is not required to present evidence supporting prior strike convictions at the preliminary hearing. On the way to that conclusion, the *Thompson* court observed that "[i]mplicit in *Mendella*'s holding was the principle that the People must present evidence sufficient to establish probable cause on [conduct] enhancement allegations." (*Id*. at p. 149.) "*Mendella* required proof at the preliminary hearing only of those enhancement allegations that were 'in nature directly or transactionally related to the charged offense,' such as great bodily injury, arming, aggravated theft, and special circumstances allegations." (*Ibid*.)

Based on the reasoning in *Mendella* and *Thompson*, we conclude the prosecution may not add a conduct enhancement to the information after a defendant has waived a preliminary hearing.[7] This is a necessary extension from *Mendella*, because if there is no

---

[7] Of course, our holding here does not apply to prior conviction enhancements. Prior conviction enhancements, sometimes known as "status" enhancements, need not be supported by evidence at the preliminary hearing and may be added anytime up to sentencing. (§§ 969a, 969.5; *People v. Valladoli* (1996) 13 Cal.4th 590, 594 [an amendment to add a prior conviction enhancement after verdict, but before sentencing is permissible]; *Thompson, supra*, 91 Cal.App.4th at pp. 148, 154 [strike allegations need not be supported by evidence at the preliminary hearing]; *People v. Shaw* (1986) 182

9

preliminary hearing, there can be no evidence supporting the allegation.

The People contend that section 1009 bars adding new offenses, but it does not bar adding enhancements to existing offenses. This view flies in the face of the reasoning in *Mendella*. It also conflicts with the *Mendella* court's statutory interpretation. In considering the import of the use of the word "offense" in section 1009 and the absence of the word "enhancement," we take guidance from our high court's discussions in *Mendella, supra*, 33 Cal.3d at pages 761-762, and *Ramos v. Superior Court* (1982) 32 Cal.3d 26, 33, regarding similar language in section 871.[8] Section 871 authorizes a magistrate to dismiss a "public offense" at the preliminary hearing where there is a failure to prove that offense. However, section 871 does not mention enhancements. In *Ramos*, the People contended that section 871 did not authorize the dismissal of a special circumstance allegation, because such an allegation is not a " 'public offense.' " (*Ramos*, at p. 31.) The *Ramos* court rejected that contention. Like section 995 (which does not reference "offenses" or "enhancements"), the ultimate question under section 871 is whether the evidence presented at the preliminary hearing is sufficient to bring the defendant to trial. (*Mendella*, at p. 761, citing *Ramos*, at p. 34.) Summarizing its holding in *Ramos*, the *Mendella* court stated, "Essentially we concluded that the use of the term 'offense' in section 871 was not sufficient to preclude its application to a special

---

Cal.App.3d 682, 685 [distinguishing enhancements that are transactionally related to the charged offenses, which under *Mendella* must be supported by evidence at the preliminary hearing, from prior conviction enhancements which need no evidentiary support at the preliminary hearing].)

[8] Section 871 provides: "If, after hearing the proofs, it appears either that no *public offense* has been committed or that there is not sufficient cause to believe the defendant guilty of a *public offense*, the magistrate shall order the complaint dismissed and the defendant to be discharged, by an indorsement on the depositions and statement, signed by the magistrate, to the following effect: 'There being no sufficient cause to believe the within named A. B. guilty of the offense within mentioned, I order that the complaint be dismissed and that he or she shall be discharged.' " (Italics added.)

10

circumstance allegation.  In so doing, we refused to adopt a narrow construction of the term 'offense.' " (*Mendella*, at p. 762.)

Given the purposes of preliminary hearings discussed in *Mendella* -- weeding out groundless allegations, inhibiting overcharging and providing a check on the prosecutorial charging authority -- we employ the *Mendella/Ramos* construction here to section 1009.  Indeed, to do otherwise would mean a prosecutor could amend an information to add a conduct enhancement over the defendant's objection, but the defendant could then move to dismiss the enhancement under section 995 and *Mendella* on the grounds that there was no preliminary hearing testimony supporting the enhancement.  (See *Ramos, supra*, 32 Cal.3d at p. 34 [noting that since the prosecution had conceded section 995 could be employed to challenge a special circumstance allegation, there was no purpose in construing section 871 to preclude the magistrate from making this reasonable cause determination concurrently with the evaluation of the adequacy of the evidence regarding to the remainder of the charges].)

The People rely on *Peyton, supra*, 176 Cal.App.4th at pages 654-655, for support.  There, in addition to holding that the amendment adding a new charge post preliminary hearing waiver was inappropriate, the court addressed another amendment to the information.  The defendant was originally charged with four counts of aggravated sexual assault under section 269 -- three counts of oral copulation (§ 269, subd. (a)(4)), and one count of sexual penetration (§ 269, subd. (a)(5)).  (*Peyton*, at p. 649.)  After the defendant waived the preliminary hearing, the prosecution amended the information, without objection from the defense, to allege three counts of sexual penetration and one count of oral copulation under section 269 instead of three counts of oral copulation and one count of sexual penetration as originally charged.  (*Peyton*, at p. 649.)  As the People note here, the *Peyton* court held that this amendment did not constitute a "significant variance" from the original charges.  (*Id.* at p. 660.)  The information consistently alleged four separate section 269 charges based on either oral copulation or sexual penetration.  (*Peyton*, at

11

p. 659.)  The defendant was not charged with a different Penal Code section and unlike in *Winters*, this change did not involve adding a whole new charge.  (*Peyton*, at p. 660.)  Furthermore, the change did not affect the potential punishment.  (*Ibid*.)

The People argue that adding the GBI enhancement here did not constitute a "significant variance" from the original charges.  We disagree.  Unlike the amendments in *Peyton*, which did not involve a new charge -- a circumstance that the *Peyton* court saw as distinguishing the amendments in that case from the amendments in *Winters* -- the enhancement here involved a new allegation and a different Penal Code provision.  Also, in contrast to *Peyton*, the allegation here exposed defendant to additional punishment not available when he waived his preliminary hearing.  Thus, the addition of the conduct enhancement allegation constituted a "significant variance" from the original charges.

The People also rely on *People v. Cooper* (1967) 256 Cal.App.2d 500, a case involving an amendment to an indictment, not an information.  (*Id.* at p. 505.)  In *Cooper*, the defendant was charged by indictment with assault with intent to commit murder, robbery, and the offense of felon in possession of a firearm, which related to firearms found in the defendants' possession at the time of arrest.  The defendant was convicted of felon in possession of a firearm, but a mistrial was declared as to the other charges when the jury failed to reach verdicts.  During the second trial, the prosecutor sought to amend the indictment by adding an armed with a deadly weapon allegation under former section 3024 (repealed by Stats. 1976, ch. 1139, § 279) as to all of the charges.  That allegation provided for increased minimum sentences.  (*Cooper*, at p. 505.)[9]  Over the defendant's

_____

[9] Former section 3024 provided:  " 'The following shall be the minimum term of sentence and imprisonment in certain cases, notwithstanding any other provisions of this code, or any provision of law specifying a lesser sentence:  (a) For a person not previously convicted of a felony, but armed with a deadly weapon either at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, five years; (b) *For a person previously convicted of a felony either in this State or elsewhere, and armed with a deadly weapon, either at the time of his commission of the offense, or a*

objection, the trial court allowed the amendment. (*Id.* at pp. 504-505.) On appeal, the defendant contended the amendment violated double jeopardy. (*Id*. at p. 505.) The *Cooper* court disagreed, noting that "[a]t least as to the element of defendants' being armed at the time of the *commission* of the robbery, the offense was quite distinct from the possession of concealed weapons by ex- felons at the time of arrest; . . . the weapons may not have been the same, and in any event there is evidence that a new and separate use was contemplated." (*Ibid*.)

The *Cooper* court went on to discuss the section 1009 prohibition against adding new charges to an *indictment*. Regarding that prohibition, the court reasoned that an "[a]mendment to allege that a defendant was armed with a deadly weapon at the time of the commission of an offense does not change the offense itself. It has to do with minimum term of sentence and not with the essential ingredients of the offense." (*Cooper, supra*, 256 Cal.App.2d at p. 505.) Seizing on this discussion, the People assert that adding the GBI enhancement here is appropriate because it does not change " 'essential ingredients of the offense.' " The People then go on to distort the "essential *ingredients*" (italics added) language in *Cooper* -- which was obviously intended to refer to the fact that the elements of the crime were not changed -- by arguing that the "essential *nature*" (italics added) of the offense charged in count one here was not changed. *Cooper* does not help the People here.

First, *Cooper* is not a preliminary hearing waiver case, and the charging document in play was not an information; *Cooper* was charged by indictment. As noted, section

---

*concealed deadly weapon at the time of his arrest, 10 years*; . . . .' " (*In re Shull* (1944) 23 Cal.2d 745, 747-748, superseded by statute on another issue as stated in *People v. Read* (1983) 142 Cal.App.3d 900, 904.)

1009 provides: "An indictment or accusation[10] cannot be amended so as to change the offense charged, nor an information so as to charge an offense not shown by the evidence taken at the preliminary examination." Thus, section 1009 plainly contains a separate provision related to indictments, and the *Cooper* court looked to that provision in holding the amendment did not change the offense because it did not change the "essential ingredients of the offense." (*Cooper, supra*, 256 Cal.App.2d at p. 505.) Section 1009's language prohibiting changing a charge in an indictment or accusation is not implicated here. Rather, here the pertinent language in section 1009 is that which prohibits an amendment to "an information so as to charge an offense not shown by the evidence taken at the preliminary hearing."

Second, *Cooper* predates our high court's decision in *Mendella*, and the observation made by the court in *Thompson*, that "[i]mplicit in *Mendella*'s holding was the principle that the People must present evidence sufficient to establish probable cause on [conduct] enhancement allegations." (*Thompson, supra*, 91 Cal.App.4th at p. 149.) *Cooper* has no application here.

We conclude that the amendment to add the GBI enhancement cannot be sustained. Thus, the GBI enhancement along with the convictions on count 3 and 4 must be stricken.

## C. Ineffective Assistance of Counsel

We now address whether the failure to object to the amendment to add the GBI allegation amounted to ineffective assistance of counsel. To establish ineffective assistance of counsel, a defendant must show (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms, and (2) the

---

**10** An "accusation" is a charging document issued by a grand jury against "any officer of a district, county, or city" for "willful or corrupt misconduct in office." (Gov. Code, § 3060.)

deficient performance prejudiced defendant.  (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 691-692 [80 L.Ed.2d 674, 693-694, 696] (*Strickland*); *People v. Ledesma* (1987) 43 Cal.3d 171, 216-217 (*Ledesma*).)  " 'Surmounting *Strickland*'s high bar is never an easy task.' " (*Harrington v. Richter* (2011) 562 U.S. 86, ___ [178 L.Ed.2d 624, 642] (*Richter*), quoting *Padilla v. Kentucky* (2010) 559 U.S. 356, 371 [176 L.Ed.2d 284, 297].)  Here, that high bar has been surmounted.

### 1.  Deficient Performance

While there is apparently no published case prohibiting an amendment to add a conduct enhancement to an information after a preliminary hearing has been waived, given *Mendella*, *Thompson*, *Payne*, and *Winters*, the writing was clearly on the wall.  At the very least, under prevailing professional norms, counsel should have objected to preserve the issue.  Moreover, as the People conceded, defendant's counsel provided constitutionally ineffective assistance by failing to object to the new charges.  And had that objection been made and the aforementioned authorities cited in support of that objection, closer scrutiny would have been given by the trial court to the proposed amendments.  Ultimately, the People would have had to forgo the amendments or dismiss, refile, and hold a preliminary hearing on a new complaint.  And even if the prosecution did not charge the GBI enhancement in the new complaint, given the new and original charges and the factual circumstances of this case, the presentation of evidence would have included sufficient evidence to establish GBI, making a later addition of a GBI allegation to the information bullet proof.  (See *Mendella, supra*, 33 Cal.3d at pp. 764-765 [concluding that, although defendant could attack the sufficiency of evidence on the GBI enhancement by way of section 995 motion, there was sufficient evidence at the preliminary hearing to support the allegation].)  Thus, defense counsel's failure to object constituted performance that fell below an objective standard of reasonableness under prevailing professional norms.

15

## 2. Prejudice

To establish prejudice, "[i]t is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.' " (*Richter, supra*, 178 L.Ed.2d at p. 642.) To show prejudice, defendant must show a reasonable probability that he would have received a more favorable result had counsel's performance not been deficient. (*Strickland, supra*, 466 U.S. at pp. 693-694; *Ledesma, supra*, 43 Cal.3d 171, at pp. 217-218.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland,* at p. 694; accord, *Ledesma,* at p. 218.) "The likelihood of a different result must be substantial, not just conceivable." (*Richter*, at p. 647.)

Here, the prejudice associated with adding the GBI enhancement is clear. In addition to the one-year term for count 3, the GBI enhancement resulted in a five-year sentence, a total of six additional years of incarceration in state prison. Moreover, the addition of the GBI enhancement transformed count 1, corporal injury on a cohabitant/child's parent, into a violent and serious felony offense, which makes defendant eligible for sentencing under the three strikes law if convicted of a felony conviction in the future. (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(f); 667.5, subd. (c)(8) [defining a " 'violent felony' " as a felony in which the defendant personally inflicts GBI]; 1192.7, subd. (c)(8) [defining a " 'serious felony' " as a felony in which the defendant personally inflicts GBI].) The GBI enhancement will also subject defendant to enhanced sentencing under section 667, subdivision (a), if convicted of a serious felony offense in the future.

We conclude that, like the failure to object to the new charges, the failure to object to the amendment adding the GBI enhancement amounted to ineffective assistance of counsel.

## D. Remedy

Defendant contends that the jury "may not have heard evidence of all of the threats" defendant made to the victim and the medical testimony "could have been

16

limited" had the amendments been disallowed.  He asserts that since it not possible to know how the jury's consideration of the improperly added allegations affected its consideration of the original charges, the entire judgment should be reversed.  We disagree.

While it is conceivable that an improper amendment could result in evidence a jury would not have heard in the absence of the improperly added charge or allegation, this is not such a case.  The evidence the jury heard to support the new charges and the GBI allegation would have been admissible to prove the offenses and deadly weapon use allegation that were originally charged.

Count 1, corporal injury to a cohabitant/child's parent (§ 273.5, subd. (a)), required that the prosecution establish that defendant caused the victim to sustain an injury that resulted in a "traumatic condition."  Former section 273.5, subdivision (c), defined " 'traumatic condition' " as "a condition of the body, such as a wound, or external or internal injury, including, but not limited to, injury as a result of strangulation or suffocation, *whether of a minor or serious nature*, caused by a physical force."  (Italics added.)  While the testimony of the emergency room physician's assistant was relevant to establish great bodily injury, it was also relevant to establish a traumatic condition, which as can be seen in the italicized text quoted above, includes a "minor or serious" injury.  Furthermore, the testimony was not inflammatory; nor did it consume an undue amount of time.

The injuries were also relevant to establish the "violence" element of count 2, false imprisonment by violence or menace.  (§§ 236, 237.)  " 'Violence' . . . means the exercise of physical force 'greater than that reasonably necessary to effect the restraint.' [Citations.]" (*People v. Newman* (2015) 238 Cal.App.4th 103, 108.)  Similarly, the threats upon which count 5, criminal threats, was based were also relevant to establish "menace," an alternative method of proving false imprisonment charged in count 2.  "Menace" was a separate theory alleged in the original complaint and the original

information. And "menace" was a theory upon which the jury was instructed. " 'Menace' is an express or implied *threat* of force." (*Ibid*.)

As for the addition of the assault with a deadly weapon charge in count 4, the deadly weapon referenced in that count was a machete, the same type of weapon alleged in the deadly weapon use allegation in the original complaint and information. Consequently, the jury would have heard about the machete even if assault with a deadly weapon was not added as count 4. More importantly, on the issue of prejudice, the jury found defendant not guilty of assault with a deadly weapon in count 4 and found the deadly weapon use enhancement not true -- indicating the jury was not prejudicially influenced by evidence related to the machete.

Consequently, we do not see how the charges and the GBI enhancement that were inappropriately added to the information here resulted in evidence the jury could not have heard had the amendments been disallowed. Defendant was not prejudiced by the inappropriate amendments. Thus, we see no need to reverse the entire judgment and order a new trial. We need only strike the convictions for counts 3 and 4 and the GBI enhancement finding.

### E. Remand

Based on the record before us, we cannot determine whether the global settlement in this case (see fn. 4, *ante*) contemplated the additional six years defendant received in this case on the GBI enhancement and count 3. Consequently, rather than resentencing defendant ourselves, we remand this matter to the trial court for resentencing or further proceedings.

## DISPOSITION[11]

The trial court is directed to strike the convictions for count three (§ 245, subd. (a)(4), assault with force likely to produce great bodily injury), count four (§ 240, simple assault), and the section 12022.7, subdivision (e), enhancement for great bodily injury under circumstances involving domestic violence.  We remand this case for resentencing or further proceedings concerning the negotiated global resolution involving this case and defendant's other cases.  The trial court is further directed to prepare an amended abstract and to forward a certified copy to the Department of Corrections and Rehabilitation.

As modified, the judgment is affirmed.


                  MURRAY   , J.

We concur:


   ROBIE   , Acting P. J.


   MAURO   , J.

---

**11** While the amendment to add a GBI enhancement after a preliminary hearing waiver appears to be an issue not previously addressed in a published decision, the same is not true for the new charges added by the amendment.  Business and Professions Code section 6086.7, subdivision (a)(2), requires the court to notify the State Bar "[w]henever a modification or reversal of a judgment in a judicial proceeding is based in whole or in part on the misconduct, *incompetent representation*, or willful misrepresentation of an attorney."  (Italics added.)  Therefore, the clerk of this court is ordered to forward a copy of this opinion to the State Bar upon finality of this appeal.  Further, pursuant to Business and Professions Code section 6086.7, subdivision (b), the clerk of this court shall notify defendant's trial counsel that the matter has been referred to the State Bar.