Filed 8/21/24  P. v. Taylor CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C099370 |
| v. | (Super. Ct. No. 22FE014561) |
| JAMES EDWARD TAYLOR, | |
| Defendant and Appellant. | |

A jury found defendant James Edward Taylor guilty of assault, infliction of corporal injury resulting in a traumatic condition, and false imprisonment by violence or menace.  The trial court sentenced defendant to five years in prison.

Defendant now contends (1) insufficient evidence supports the conviction for false imprisonment by violence or menace, and (2) the trial court should have instructed on the lesser included offense of misdemeanor false imprisonment.

Finding no merit in the contentions, we will affirm the judgment.

1

BACKGROUND

N.D. had a dating relationship with defendant for 13 or 14 years. The relationship ended in 2018. In June of that year, defendant picked up a coffee table and used it to hit N.D. in the head. In a separate altercation, defendant threw N.D. down a flight of stairs.

Nevertheless, at the time of the offenses in this case, the two had started to talk again. One morning in August 2022, N.D. awoke and found defendant sitting at her dining room table. She had not invited him. Defendant requested money, they argued, and defendant refused to leave.

When N.D. went to the door, defendant put her keys and cell phone in his pocket. He closed the door and held on to it. She asked for her phone and keys but defendant refused to give them back. Although N.D. tried to leave at least two times, defendant would not let her out. He followed her around her home, grabbed her robe, threw her down, straddled her, took her by the hair, hit her head on the floor about four times, and also hit her in the back of the head. Defendant used a washcloth to wipe the blood on her face and then stuffed the washcloth in her mouth. He choked her, yelled at her, and hit her in the face with an open hand. He also struck her with his cane.

N.D. ultimately managed to run to her bedroom, climbed out a window, ran to a neighbor, and asked the neighbor to call police.

The jury found defendant not guilty of assault with a deadly weapon (the cane), but guilty of the lesser charge of simple assault. (Pen. Code, § 245, subd. (a)(1).)[1] It also found defendant guilty of inflicting corporal injury resulting in a traumatic condition (§ 273.5, subds. (a) & (f)(1)), and false imprisonment by violence or menace (§ 236). In addition, it found true various allegations related to those convictions, including a prior strike conviction. (§§ 243, subd. (d), 667, subds. (b)-(i), 11702.12; Cal. Rules of Court,

---

[1] Undesignated statutory references are to the Penal Code.

rule 4.421(a) & (b).)  And the trial court found true an aggravating factor that defendant had served a prior term in prison or jail.  (Cal. Rules of Court, rule 4.421(b)(3).)

The trial court granted defendant's motion to dismiss the prior strike conviction allegation and sentenced him to an aggregate five years in prison.

DISCUSSION

I

Defendant contends the evidence does not support his conviction for felony false imprisonment by violence or menace.  He suggests the evidence shows only that he blocked the door but did not engage in violence or menace.

"In reviewing a claim for sufficiency of the evidence, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or special circumstance beyond a reasonable doubt.  We review the entire record in the light most favorable to the judgment below to determine whether it discloses sufficient evidence -- that is, evidence that is reasonable, credible, and of solid value -- supporting the decision, and not whether the evidence proves guilt beyond a reasonable doubt."  (*People v. Jennings* (2010) 50 Cal.4th 616, 638.)

"Section 236 defines misdemeanor false imprisonment as 'the unlawful violation of the personal liberty of another.'  It is punishable as a felony if 'effected by violence, menace, fraud, or deceit.'  (§ 237, subd. (a).) . . . [¶] . . .[¶]  " 'Violence' in the statute means the exercise of physical force 'greater than that reasonably necessary to effect the restraint.'  [Citations.]  'Menace' is an express or implied threat of force."  (*People v. Newman* (2015) 238 Cal.App.4th 103, 108, italics omitted.)  In considering whether violence was perpetrated as part of a false imprisonment, the circumstances surrounding the imprisonment are relevant.  (*People v. Ghipriel* (2016) 1 Cal.App.5th 828, 834; *People v. Rogers* (2016) 245 Cal.App.4th 1353, 1368.)

"When a rational fact finder could conclude that a defendant's acts or words expressly or impliedly threatened harm, the fact finder may find that there is menace sufficient to make false imprisonment a felony. An express threat or use of a deadly weapon is not necessary." (*People v. Wardell* (2008) 162 Cal.App.4th 1484, 1491.)

Here, the evidence shows that defendant took N.D.'s keys and phone, would not let her leave, and also repeatedly attacked her and yelled at her. There is sufficient evidence that he used physical force greater than that reasonably necessary to effectuate the restraint of N.D. in her home.[2]

II

Defendant next contends the trial court should have instructed on the lesser included offense of misdemeanor false imprisonment.

The trial court's duty to instruct on the general principles of law applicable to the case includes a sua sponte duty to instruct the jury on all lesser included offenses supported by substantial evidence. (*People v. Shockley* (2013) 58 Cal.4th 400, 403.) "Substantial evidence in this context is evidence from which a reasonable jury could conclude that the defendant committed the lesser, but not the greater, offense." (*Ibid.*) In deciding whether there is substantial evidence to support an instruction, we construe the evidence in the light most favorable to the defendant. (*People v. Brothers* (2015) 236 Cal.App.4th 24, 30.) However, we must "assess sufficiency of the evidence without evaluating the credibility of witnesses, for that is a task reserved for the jury." (*People v. Wyatt* (2012) 55 Cal.4th 694, 698.)

As we have explained, there is strong evidence defendant accomplished the false imprisonment with violence beyond that necessary to restrain N.D. The evidence

---

[2] Because there is sufficient evidence of violence, we need not decide whether there is sufficient evidence of menace. We note, however, that defendant's prior acts of violence against N.D. are relevant in that regard. Defendant had previously hit N.D. in the head with a coffee table and threw her down a flight of stairs.

provides no facts from which a jury could find defendant merely applied the physical force that was reasonably necessary to effectuate the restraint.  Thus, there was no substantial evidence from which a rational jury could conclude that defendant committed misdemeanor false imprisonment but not felony false imprisonment.

Defendant's contention lacks merit.

## DISPOSITION

The judgment is affirmed.

_____/S/_____

MAURO, Acting P. J.

We concur:

_____/S/_____

RENNER, J.

_____/S/_____

FEINBERG, J.