Filed 9/20/21 (unmodified opinion attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GREGORY MOORE,<br><br>    Defendant and Appellant. | B308386<br><br>(Los Angeles County<br>Super. Ct. No. TA043305)<br><br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT) |

THE COURT:

It is ordered that the opinion filed herein on September 10, 2021, be modified as follows:

On page 2, first sentence under the heading Procedural Background, the word "former" is added to the citation to Penal Code section 12021, subdivision (a)(1), so the sentence reads as follows:

In 1997, appellant was convicted following a jury trial of one count of murder (§ 187, subd. (a); count 1), three counts of possession of a firearm by a felon (former § 12021, subd. (a)(1); counts 2, 5, & 10), two counts of second degree robbery (§ 211;

1

counts 3 & 4), two counts of attempted willful, deliberate, premeditated murder (§§ 664/187, subd. (a); counts 6 & 7), and two counts of shooting at an inhabited dwelling (§ 246; counts 8 & 9).

There is no change in the judgment.

CERTIFIED FOR PUBLICATION.


LUI, P. J.          ASHMANN-GERST, J.          HOFFSTADT, J.

Filed 9/10/21 (unmodified opinion)
**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| THE PEOPLE, | B308386 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA043305) |
| v. | |
| GREGORY MOORE, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of Los Angeles County.  H. Clay Jacke II, Judge.  Affirmed.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Gregory Moore appeals from the order of the court denying his petition for a youth offender evidence preservation proceeding in accordance with *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).  Appellant also requests that the five-year prior serious felony enhancement imposed under Penal Code[1] section 667, subdivision (a) be stricken.

## PROCEDURAL[2] BACKGROUND

In 1997, appellant was convicted following a jury trial of one count of murder (§ 187, subd. (a); count 1), three counts of possession of a firearm by a felon (§ 12021, subd. (a)(1); counts 2, 5, & 10), two counts of second degree robbery (§ 211; counts 3 & 4), two counts of attempted willful, deliberate, premeditated murder (§§ 664/187, subd. (a); counts 6 & 7), and two counts of shooting at an inhabited dwelling (§ 246; counts 8 & 9).  Appellant was charged with and admitted one prior strike conviction under the Three Strikes law.  (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d).)  The trial court sentenced appellant under the Three Strikes law to an aggregate term of 107 years to life in state prison.

On September 29, 2020, the trial court denied appellant's petition for a *Franklin* proceeding on the ground that appellant is ineligible for a youth offender parole hearing under section 3051, subdivision (h) because he was sentenced under the Three Strikes law based on his prior strike conviction.

---

[1] Undesignated statutory references are to the Penal Code.

[2] Because this appeal raises no issues concerning the facts of the underlying offenses, we omit a statement of facts.  (See *People v. White* (1997) 55 Cal.App.4th 914, 916, fn. 2.)

## DISCUSSION

### I. Section 3051, subdivision (h) Does Not Violate Equal Protection

Appellant was 21 years old when he committed the offenses in this case and contends that the exclusion of youth offenders who were sentenced under the Three Strikes law from eligibility for a youth offender parole hearing violates equal protection. We disagree.

#### A. *Youth offender parole hearings*

With the enactment of section 3051 in 2013, the Legislature declared its intent "to create a process by which growth and maturity of youthful offenders can be assessed and a meaningful opportunity for release established." (Stats. 2013, ch. 312, § 1.) To this end, section 3051 "establish[ed] a parole eligibility mechanism that provides a person serving a sentence for crimes that he or she committed as a juvenile the opportunity to obtain release when he or she has shown that he or she has been rehabilitated and gained maturity." (Stats. 2013, ch. 312, § 1; see *In re Trejo* (2017) 10 Cal.App.5th 972, 980–981.) Under section 3051, subdivisions (a) and (b), persons aged 25 years or younger at the time of their controlling offenses[3] are eligible for a youth offender parole hearing after serving 15, 20, or 25 years in prison, depending on the sentence. (§ 3051, subds. (a)–(b); *People v. Wilkes* (2020) 46 Cal.App.5th 1159, 1164 (*Wilkes*).) However, section 3051, subdivision (h) specifically excludes from youth offender parole consideration offenders such as appellant who

---

[3] The "controlling offense" is "the offense or enhancement for which any sentencing court imposed the longest term of imprisonment." (§ 3051, subd. (a)(2)(B).)

were sentenced under the Three Strikes law.[4] (*Ibid*.) Appellant maintains this disparate treatment of Three Strikes youth offenders violates equal protection.

## B. *Equal protection jurisprudence*

Under the Fourteenth Amendment to the United States Constitution and article I, section 7 of the California Constitution all persons are guaranteed equal protection under the law. " ' " 'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.] This initial inquiry is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.' " [Citation.] In other words, we ask at the threshold whether two classes that are different in some respects are sufficiently similar with respect to the laws in question to require the government to justify its differential treatment of these classes under those laws.' " (*People v. Foster* (2019) 7 Cal.5th 1202, 1211–1212.) " 'Where a class of criminal defendants is similarly situated to another class of defendants who are

---

[4] Section 3051, subdivision (h) provides: "This section shall not apply to cases in which sentencing occurs pursuant to Section 1170.12, subdivisions (b) to (i), inclusive, of Section 667, or Section 667.61, or to cases in which an individual is sentenced to life in prison without the possibility of parole for a controlling offense that was committed after the person had attained 18 years of age. This section shall not apply to an individual to whom this section would otherwise apply, but who, subsequent to attaining 26 years of age, commits an additional crime for which malice aforethought is a necessary element of the crime or for which the individual is sentenced to life in prison."

4

sentenced differently, courts look to determine whether there is a rational basis for the difference.' " (*Wilkes, supra*, 46 Cal.App.5th at p. 1165, quoting *People v. Edwards* (2019) 34 Cal.App.5th 183, 195 (*Edwards*); *People v. Chatman* (2018) 4 Cal.5th 277, 289 (*Chatman*).)

"A classification in a statute is presumed rational until the challenger shows that no rational basis for the unequal treatment is reasonably conceivable. [Citations.] The underlying rationale for a statutory classification need not have been ' "ever actually articulated" ' by lawmakers, and it does not need to ' "be empirically substantiated." ' [Citation.] Nor does the logic behind a potential justification need to be persuasive or sensible—rather than simply rational." (*Chatman, supra*, 4 Cal.5th at p. 289.)

To successfully challenge a statute as violative of equal protection under a rational basis standard, the party must negate every conceivable basis for the disparate treatment. (*Heller v. Doe* (1993) 509 U.S. 312, 320; *Edwards, supra*, 34 Cal.App.5th at p. 195.) Indeed, a classification does not violate equal protection if there is any rational relationship between the disparity of treatment and some legitimate governmental purpose. (*Heller*, at p. 320.) "If a plausible basis exists for the disparity, '[e]qual protection analysis does not entitle the judiciary to second-guess the wisdom, fairness, or logic of the law.' " (*Edwards*, at pp. 195–196; *Wilkes, supra*, 46 Cal.App.5th at p. 1165; *People v. Turnage* (2012) 55 Cal.4th 62, 74.)

**C.** *The exclusion of offenders sentenced under the Three Strikes law from youth offender parole consideration is rationally related to a legitimate penal interest*

Appellant contends he is similarly situated to youth offenders who were not sentenced under the Three Strikes law and the differential treatment of youth offenders with prior strikes and those without under section 3051, subdivision (h) is not rationally related to any legitimate public interest. But even assuming both groups of violent youthful offenders are similarly situated for purposes of section 3051, we conclude the Legislature could rationally determine that the youth offender with one or more prior strikes—" 'a recidivist who has engaged in significant antisocial behavior and who has not benefited from the intervention of the criminal justice system' [citation]—presents too great a risk of recidivism to allow the possibility of early parole," thus justifying the disparate treatment. (*Wilkes*, *supra*, 46 Cal.App.5th at p. 1166, quoting *People v. Cooper* (1996) 43 Cal.App.4th 815, 829 (*Cooper*).)

*Wilkes* observed, "Numerous courts have rejected equal protection challenges to the differential treatment of Three Strikes offenders, concluding that such offenders are not similarly situated to nonrecidivist offenders and/or that a rational basis exists to treat them differently." (*Wilkes*, *supra*, 46 Cal.App.5th at p. 1165.) Thus, as the court in *Cooper* reasoned: "A person who has committed and been convicted of two serious or violent felonies before the instant offense is a recidivist who has engaged in significant antisocial behavior and who has not benefited from the intervention of the criminal justice system. He is the prototype of the repeat offender for whom the three strikes legislation was drafted. It is reasonable for the

6

Legislature to distinguish between those felons, like appellant, who come to court with a history of serious or violent felony convictions and those who do not. Such exercise of legislative discretion cannot be defeated simply by the argument that at the end of a mathematical process the offenders have committed an equal number of serious and nonserious felonies. The Legislature is entitled to treat recidivist felons of the type described in the three strikes law more harshly than those recidivists who have not yet qualified." (*Cooper, supra*, 43 Cal.App.4th at p. 829; see *People v. Kilborn* (1996) 41 Cal.App.4th 1325, 1332 ["The system of imposing greater punishment on *all* persons who commit a felony-grade crime after having committed one or more serious or violent felonies in the past, is rationally related to the legitimate public objective of discouraging recidivism"]; *People v. Spears* (1995) 40 Cal.App.4th 1683, 1688 ["It is clear the Legislature intended to set appellant and other recidivists with prior 'strike' convictions apart from first time offenders and those with less serious criminal histories; it is equally clear it did so with a legitimate objective in mind"]; *People v. McCain* (1995) 36 Cal.App.4th 817, 820 ["The Legislature has seen fit to increase the severity of punishment for recidivists who have committed serious or violent felonies and who again commit felony offenses. . . . [W]e cannot say harsher treatment for such recidivists is irrational or arbitrary such that it denies them equal protection under the law"].)

Appellant relies on *Edwards, supra*, 34 Cal.App.5th 183 to argue there is no rational basis to distinguish between a youth offender whose immaturity, impulsiveness, and susceptibility to peer pressure caused him to commit a crime earlier in his youth that qualifies as a strike and the youth offender who, despite a

7

long criminal record, has no prior strike convictions. In *Edwards*, Division Four of the First District Court of Appeal held section 3051, subdivision (h) violated equal protection by categorically excluding youth offenders sentenced under the "One Strike" law (§ 667.61) from the early parole consideration available even to youthful murderers. (*Edwards*, at p. 199.) Based on the "consistent theme in constitutional jurisprudence" that " ' "[d]efendants who do not kill, intend to kill, or foresee that life will be taken are categorically less deserving of the most serious forms of punishment than are murderers," ' " *Edwards* concluded: "Because the Legislature made youthful-offender parole hearings available even for first degree murderers (except those who committed murder as an adult *and* received an LWOP sentence), there is no rational basis for excluding One Strike defendants from such hearings." (*Edwards*, at pp. 196–197.)

We agree with *Wilkes* that *Edwards* is distinguishable. As *Wilkes* explained, " 'The "One Strike" law is an alternative, harsher sentencing scheme that applies to specified felony sex offenses,' such that ' "a first-time offense can result in one of two heightened sentences." ' (*Edwards, supra*, 34 Cal.App.5th at pp. 192, 193.) The distinguishing characteristic of Three Strikes offenders, of course, is that they are not being sentenced for a first-time offense. Thus, the ample authority rejecting equal protection challenges from Three Strikes offenders did not apply in *Edwards*. Indeed, *Edwards* itself took pains to 'note that criminal history plays no role in defining a One Strike crime' and that '[t]he problem in this case is' the categorical exclusion of 'an entire class of youthful offenders convicted of a crime short of homicide . . . , *regardless of criminal history . . . .*' (*Edwards*, at

8

p. 199, italics added.)" (*Wilkes*, *supra*, 46 Cal.App.5th at pp. 1166–1167.)

In sum, we conclude the differential treatment of youth offenders sentenced under the Three Strikes law for purposes of early parole consideration for youth offenders is rationally related to the legitimate governmental purpose of addressing recidivism and does not violate equal protection.

## II. This Court Lacks Jurisdiction to Rule on Appellant's Claim that the Imposition of the Five-year Enhancement Pursuant to Section 667, Subdivision (a) Resulted in an Unauthorized Sentence

Wholly unrelated to the denial of his petition for a *Franklin* proceeding, appellant also challenges his sentence on the ground that the imposition of a five-year enhancement under section 667, subdivision (a) was unauthorized and must be stricken because the prosecution did not comply with the pleading and proof requirements of section 1170.1, subdivision (e).[5] Appellant's claim, brought for the first time over 20 years after he was sentenced in 1997, and not raised in the proceedings below, is not subject to this court's jurisdiction in an appeal from the denial of a petition for a *Franklin* proceeding.

"As a general rule, a criminal defendant who fails to object at trial to a purportedly erroneous ruling forfeits the right to challenge that ruling on appeal." (*People v. Anderson* (2020) 9 Cal.5th 946, 961.) But there is an exception to this rule for an

---

[5] Section 1170.1, subdivision (e) provides that "[a]ll enhancements shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact."

9

unauthorized sentence, which may be challenged despite a final judgment of conviction, even after affirmance on appeal.  (*In re G.C.* (2020) 8 Cal.5th 1119, 1130 (*G.C.*).)  "The unauthorized sentence doctrine is designed to provide relief from forfeiture for 'obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings.'  [Citation.]  It applies when the trial court has imposed a sentence that 'could not lawfully be imposed under any circumstance in the particular case.' "  (*Anderson*, at p. 962; *G.C.* at p. 1130.)

By permitting a defendant to challenge an unauthorized sentence on appeal even in the absence of an objection below, the unauthorized sentence rule constitutes a narrow exception to the *forfeiture doctrine* (*In re Sheena K.* (2007) 40 Cal.4th 875, 886–887), " 'not to the *jurisdictional* requirement of a timely notice of appeal' " or other means of properly challenging the judgment of conviction.  (*G.C.*, *supra*, 8 Cal.5th at p. 1129.)  In order to invoke the unauthorized sentence rule in the first instance, our Supreme Court has held the reviewing court "must have jurisdiction over the judgment."  (*G.C.* at p. 1130.)

In *G.C.*, the juvenile court's disposition order found the minor had committed a so-called "wobbler" offense, but the court failed to make the requisite declaration under Welfare and Institutions Code section 702 that the offense was a misdemeanor or a felony.  (*G.C.*, *supra*, 8 Cal.5th at p. 1122.)  The question before our Supreme Court was "whether G.C. may challenge the [juvenile] court's neglect of this mandatory duty in an appeal from a later dispositional order after the time to appeal the original disposition expired."  (*Ibid*.)  The court held that because there was no correlation between the Welfare and Institutions

Code section 702 error in the original disposition and the judgment before the Court on Appeal, the appellate court lacked jurisdiction to remedy the defect. (*G.C.* at p. 1130.)

So it is here. Not only is appellant attempting to challenge his sentence more than 20 years after his judgment of conviction became final, but he is doing so for the first time on appeal from the denial of his request for a *Franklin* proceeding. A *Franklin* proceeding, however, "is unrelated to the validity of the defendant's sentence. Neither the entitlement to a youth offender parole hearing, nor the evidence preservation process 'disturb[s] the finality of state convictions.' " (*In re Cook* (2019) 7 Cal.5th 439, 451.) By the same token, the trial court's denial of appellant's petition for a *Franklin* proceeding and his appeal from that denial did not confer jurisdiction on this court over the judgment. The unauthorized sentence doctrine has no application here, and we have no jurisdiction to consider appellant's challenge to his sentence in this appeal.

Moreover, even if we had jurisdiction to review appellant's claim, he has not presented a sufficient record on appeal to permit consideration of the challenge to his sentence. In support of his contention, appellant points to the omission of any reference to the prior serious felony enhancement in the amended information and the absence of an admission to the enhancement by appellant or a true finding by the trier of fact in the record in this appeal. But the record in this appeal—consisting of the amended information, minute orders from sentencing, the abstract of judgment, and the transcript from the hearing on appellant's petition for a *Franklin* proceeding—is woefully inadequate for determining the merits of appellant's claim. Of course, "the defendant . . . bears the burden to provide a record on

11

appeal which affirmatively shows that there was error below, and any uncertainty in the record must be resolved against the defendant." (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549.) Because appellant has failed to provide an adequate record for review, his claim fails. (*People v. Chubbuck* (2019) 43 Cal.App.5th 1, 12.)

## DISPOSITION

The postjudgment order is affirmed.

CERTIFIED FOR PUBLICATION.

LUI, P. J.

We concur:

ASHMANN-GERST, J.

HOFFSTADT, J.

12